

FILED
MAR -7 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CONFIDENTIAL – FILED UNDER SEAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Dmitro Nagovskiy, Konstantin Chechurin, OVH SAS, Webzilla B.V., GoDaddy.com, LLC, and Does 1-3, <br><br> Defendants. | 1:19-cv-01621 <br> Judge Sharon Johnson Coleman <br> Magistrate Judge Sheila M. Finnegan |

## MOTION TO FILE UNDER SEAL AND MOTION FOR SEALING ORDER

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 26.2, Plaintiffs CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc. and Pivot, Inc. (hereinafter collectively referred to as "CME Group"), through its undersigned counsel, file this Motion requesting leave to file the following documents under seal: (1) its Complaint and related exhibits, filed under seal on March 7, 2019 ("Complaint"); and (2) its *Ex Parte* Motion for Temporary Restraining Order, along with its Memorandum in Support of that Motion and supporting declarations and exhibits thereto ("TRO Motion").

CME Group further moves for the Court to issue a sealing order restricting access to the Complaint, the TRO Motion, and all pleadings, motions, and supporting briefs and/or memoranda (including any exhibits, appendices or other supporting documentation filed therewith) filed in paper, electronically or otherwise thereafter by the

parties in relation to the TRO Motion, and ordering that all such materials remain sealed documents until further order of the Court.

In support of this motion, CME Group states as follows:

1. CME Group filed its Complaint in this proceeding under seal on March __, 2019. In compliance with Local Rule 5.7, CME Group requested that the clerk accept the Complaint for filing and treat it as if it were a sealed document pursuant to Local Rule 26.2.

2. CME Group now, within seven days of filing the Complaint, presents its explanation of the reasons it believes access to the Complaint should remain restricted, namely, that the Complaint discloses claims for willful trademark counterfeiting, trademark infringement, dilution, unfair competition, and cybersquatting in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), (c) and (d); willful copyright infringement in violation of 17 U.S.C. § 101 *et seq.;* violation of the Digital Millennium Copyright Act Copyright Management Information Provisions, 17 U.S.C. § 1202 *et seq.*; deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; phishing activities in violation of the Illinois Anti-Phishing Act, 740 Ill. Comp. State 510/1 *et seq.*; consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; unfair competition in violation of Illinois common law; and dilution in violation of the Illinois Anti-Dilution Act, 765 ILCS 1036/65.

3. Given the nature of the claims, the Complaint by necessity contains confidential information and exhibits that are indispensable for purposes of stating a claim for relief. Accordingly, good cause is shown, and CME Group respectfully requests that

access to the Complaint, including exhibits, remain restricted and under seal.

4. CME Group also has prepared, and files herewith, its TRO Motion, seeking *ex parte* relief based on the claims referenced above. Sealing all materials related to the Complaint and the TRO Motion is necessary to prevent the Defendants from learning of these proceedings prior to the issuance of the temporary restraining order. If the Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence or the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purposes of the underlying law and would interfere with this Court's power to grant relief.

5. The case involves the operation of two (2) counterfeit websites at www.CMEgroupcenter.com and www.CMErussian.com (the "Counterfeit Websites") that purport to be genuine CME Group websites when they are not. Instead, the Counterfeit Websites seek to illegally capture user IDs and passwords of individuals accessing these sites. This has the potential to cause great harm to CME Group and its customers.

6. The Counterfeit Websites also seek to obtain personally identifiable information from individuals believing that they are providing such information to CME Group, when they are not, such as full name, email address, phone number, Skype account information, and online payment information including Bitcoin and PayPal.

7. More specifically, unless the record is sealed, CME Group has grave concerns that Defendants will delete data, transfer the domain names, switch Internet Service Providers, in addition to other acts, all of which will impact CME Group's ability to identify the scope of harm and seek proper relief.

For the reasons set forth herein, CME Group requests that the Court grant this

motion and issue an order sealing this case and all pleadings and documents filed with the Court.

Respectfully submitted,

CME GROUP INC.
CHICAGO MERCANTILE EXCHANGE INC.
NEW YORK MERCANTILE EXCHANGE, INC.
COMMODITY EXCHANGE, INC.
BOARD OF TRADE OF THE CITY OF CHICAGO, INC.
PIVOT, INC.

Dated: __March 6, 2019__

By: _____
Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Matthew D. Witsman (Reg. No. 6327790)
Christian S. Morgan (Reg. No. 6327350)
Angela J. Simmons (Reg. No. 6289024)
NORVELL IP LLC
333 S. Wabash Ave., Suite 2700
Chicago, Illinois 60604
Telephone:   (888) 315-0732
Facsimile:   (312) 268-5063
courts@norvellip.com

*Attorneys for Plaintiffs*
*CME Group Inc.*
*Chicago Mercantile Exchange Inc.*
*New York Mercantile Exchange, Inc.*
*Commodity Exchange, Inc.*
*Board of Trade of The City of Chicago, Inc.*
*Pivot, Inc.*

4