**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, OVH SAS, Webzilla B.V., EuroByte LLC, GoDaddy.com, LLC, Registrar of Domain Names REG.RU LLC, and Does 1-3, <br><br> Defendants. | Civil Action No. 1:19-cv-01621 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Sheila M. Finnegan |

ORDER GRANTING PLAINTIFFS' MOTION TO CONVERT TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION AS TO DEFENDANTS DMITRO NAGOVSKIY, KONSTANTIN CHECHURIN, EVGENIY GOLUB, OVH SAS, EUROBYTE, LLC AND REGISTRAR OF DOMAIN NAMES REG.RU LLC

Plaintiffs CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc. and Pivot, Inc. (collectively, "CME Group") moved to convert the Temporary Restraining Order issued in this case on March 7, 2019, to a preliminary injunction under the Lanham Act, 15 U.S.C. § 1051, *et seq.* 17 U.S.C. §§ 106 & 1202 *et seq*. CME Group further requested a modification of the existing Temporary Restraining Order to address the newly-registered infringing domain names and active counterfeit websites and the newly-added Defendants as detailed in the First Amended Complaint. The Court, having read and considered CME Group's motion, and after holding a preliminary injunction hearing on April 4, 2019, finds as follows:

**Findings of Fact and Conclusions of Law**

1. A temporary restraining order or a preliminary injunction is appropriate where the moving party demonstrates: (1) that its case has *some* likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) (emphasis added); Fed. R. Civ. P. 65(b). If the court is satisfied that these three conditions have been met, it then must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the court must consider the non-party public interest in denying or granting the injunction. *Id*.

2. On March 7, 2019, this Court entered a Temporary Restraining Order, having found that CME Group demonstrated (i) a likelihood of success on one or more of its claims; (ii) no inadequate remedy at law; and (iii) irreparable harm if the injunction is not granted. After a hearing with notice to Defendants Dmitro Nagovskiy ("Nagovskiy"), Konstantin Chechurin ("Chechurin"), Evgeniy Golub ("Golub"), OVH SAS ("OVH"), EuroByte LLC ("EuroByte"), and Registrar of Domain Names REG.RU LLC ("REG.RU") (collectively "Defendants") on CME Group's Motion to Convert Temporary Restraining Order to a Preliminary Injunction, the Court finds that CME Group satisfied all of the requirements for a preliminary injunction.

3. Additionally, CME Group's request to modify the existing Temporary Restraining Order to address the recently registered <CMEgroupcenters.com>, <CMErussia.com> and <CMErussians.com> domain names, the recently launched www.CMEgroupcenters.com and www.CMErussia.com websites, and the newly-added Defendants Golub, EuroByte and REG.RU

is reasonable, and this Court is justified in entering this new order to specifically cover the <CMEgroupcenters.com>, <CMErussia.com> and <CMErussians.com> domain names, the www.CMEgroupcenters.com and www.CMErussia.com websites, and Defendants Golub, EuroByte and REG.RU.

      4. CME Group has shown it has a reasonable basis to believe that these new domain names and websites were registered by and are being operated by Defendants Nagovskiy and Chechurin and/or someone working in concert with them or at their direction. CME Group also confirmed that Defendant GoDaddy.com LLC ("GoDaddy") is the domain registrar for the <CMErussians.com> domain name, Defendant Reg.RU is the domain registrar for the <CMEgroupcenters.com> and <CMErussian.com> domain names, Defendant OVH is the Internet Service Provider ("ISP") for the www.CMEgroupcenters.com website, and Defendant Eurobyte is the ISP for the www.CMErussia.com website. CME Group has received account information from Defendant Webzilla B.V. ("Webzilla") indicating that Defendant Golub is an operator of the www.CMErussian.com website.

      5. Accordingly, the same arguments and legal analysis set forth in the Court's March 7th Order apply to these new domain names, websites and defendants. Because the new domain names and websites are nearly identical to the domain names and websites detailed in CME Group's original Motion for a Temporary Restraining Order, CME Group has shown a likelihood of success on the merits of these claims; CME Group has no adequate remedy at law and will suffer irreparable harm absent entry of a preliminary injunction; the balance of harms tips in CME Group's favor; and the public interest favors issuance of a preliminary injunction that specifically addresses these new domain names, websites and defendants.

6. In this case, CME Group has established a high likelihood of success on its trademark counterfeiting, trademark infringement and unfair competition claims since it has shown that it has protectable trademarks, and there is a likelihood of confusion as to the origin of the Defendants' services. *See Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1988). Based upon CME Group's longstanding, prior use, CME Group owns protectable interests in the marks CME, CME GROUP, [CME Group logo], CBOT, NYMEX, COMEX, [globe logo], CME CLEARPORT, CLEARPORT, E-MINI, CME GLOBEX, GLOBEX, CME DIRECT, CME STP, CME PIVOT, PIVOT, CME DATAMINE, CHICAGO MERCANTILE EXCHANGE, CHICAGO BOARD OF TRADE, and NEW YORK MERCANTILE EXCHANGE, among a number of other CME-formative marks (collectively, "CME Marks"). CME Group also owns U.S. registrations for the marks CME, CME GROUP, [CME Group logo], CBOT, NYMEX, COMEX, [globe logo], CME CLEARPORT, CLEARPORT, E-MINI, CME GLOBEX, GLOBEX, CME DIRECT, CME STP, CME PIVOT, PIVOT, CME DATAMINE, CHICAGO MERCANTILE EXCHANGE, CHICAGO BOARD OF TRADE, and NEW YORK MERCANTILE EXCHANGE. In addition, the CME and CME GROUP marks have become distinctive and famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). As a result, the CME Marks are distinctive and entitled to a broad scope of protection.

7. CME Group has also demonstrated that Defendants Nagovskiy, Chechurin, Does 1-3, and/or someone working in concert with them or at their direction, without authorization or consent, registered and used the CME and CME GROUP trademarks in connection with the <CMEgroupcenter.com>, <CMEgroupcenters.com>, <CMErussia.com>, <CMErussian.com> and <CMErussians.com> domain names ("Infringing Domain Names"). Defendants GoDaddy and

4

REG.RU provided the domain name registration services associated with the Infringing Domain Names.

8. Defendants Nagovskiy, Chechurin, Golub, Does 1-3, and/or someone working in concert with them or at their direction also used the CME Marks in connection with the operation of the www.CMEgroupcenter.com, www.CMEgroupcenters.com, www.CMErussian.com and www.CMErussia.com websites ("Counterfeit Websites"), and this use is likely to cause confusion. Specifically, Defendants Nagovskiy, Chechurin, Golub, Does 1-3, and/or someone working in concert with them or at their direction used the identical registered marks CME and CME GROUP in connection with identical services as they are operating fake websites designed to collect personal information and account details for prospective and current CME Group customers. Defendants OVH and Eurobyte are complicit in this scheme. Defendant OVH is a French ISP that provides website hosting services and/or related services for the www.CMEgroupcenter.com and www.CMEgroupcenters.com websites. Defendant Eurobyte is a Russian ISP that provides website hosting services and/or related services for the www.CMErussia.com. Defendant Webzilla is a Dutch ISP that provides website hosting services and/or related services for the www.CMErussian.com website.

9. CME Group has shown a likelihood of success on its cybersquatting claim because it has established that Defendants Nagovskiy, Chechurin, Does 1-3, and/or someone working in concert with them or at their direction have registered, trafficked in, or used in bad faith the Infringing Domain Names, which are identical to or confusingly similar to the distinctive or famous CME and CME GROUP trademarks owned by CME Group. *See Int'l Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 677 (N.D. Ill. 2006); *Tory Burch LLC v. Does 1-100*, 12-C-7163, 2012 WL 4581409 (N.D. Ill. Oct. 2, 2012).

10. Further, CME Group has shown a likelihood of success on its copyright infringement claim because it established that it owns valid rights in copyrightable subject matter in certain copyrighted materials as shown at the CME Group website at www.cmegroup.com ("Copyrighted Materials"), and reflected in U.S. copyright registrations. Defendants Nagovskiy, Chechurin, Golub, OVH, Eurobyte, Does 1-3, and/or someone working in concert with them or at their direction have copied the Copyrighted Materials without authorization, and their infringing works in the Counterfeit Websites are substantially similar to that of CME Group. *See* 17 U.S.C. § 106; *see also, Tillman v. New Line Cinema Corp.*, No. 08-1667, 2008 WL 4488204 (7th Cir. Oct. 7, 2008).

11. CME Group has also shown a likelihood of success on its Digital Millennium Copyright Act claim because it established that Defendants Nagovskiy, Chechurin, Golub, Does 1-3, and/or someone working in concert with them or at their direction have altered or removed CME Group's copyright notice and contact information, which constitutes its copyright management information. 17 U.S.C. § 1202.

12. CME Group has shown a likelihood of success on its anti-phishing claim because Defendants Nagovskiy Chechurin, Golub, Does 1-3, and/or someone working in concert with them or at their direction set up the Counterfeit Websites and solicit or request personally identifiable information, such as user IDs and passwords, all without authority from CME Group.

13. Finally, CME Group has demonstrated that it does not have an adequate remedy at law and will suffer an irreparable injury should Defendants' actions not be enjoined. *See Int'l Kennel Club of Chicago, Inc.*, 846 F.2d at 1092. Only two of the Infringing Domain Names (<CMEgroupcenter.com> and <CMErussian.com>) have been transferred to an account controlled by CME Group's counsel. The three newly-discovered domain names (<CMEgroupcenters.com>,

<CMErussia.com> and <CMErussians.com>) have not yet been transferred. Further, absent a preliminary injunction, there is nothing to prevent Defendants and/or someone working in concert with them or at their direction from registering new domain names that will result in the exact same harm caused. Conversion of the Temporary Restraining Order to a preliminary injunction and the modification of the order to address the new domain names is the only course of action that ensures the transfer of the three new Infringing Domain Names during the pendency of this action, and prevents Defendants and/or someone working in concert with them or at their direction from registering new infringing domain names or creating new infringing websites. Moreover, absent such an order, there is nothing to prevent Defendants and/or someone working in concert with them or at their direction from conducting further illegal activities, changing ownership details for the Infringing Domain Names, switching Internet Service Providers, deleting the relevant data associated with the Counterfeit Websites, all of which will thwart CME Group's ability to seek relief from this Court.

14. Defendants' unauthorized use of the CME Marks has and will continue to irreparably harm CME Group through damage to the CME Group reputation, diminished goodwill, loss of exclusivity and control over use, and possible diversion of sales. CME Group also will suffer losses associated with the use of captured user IDs and passwords from existing customers, which can potentially compromise customer data, disclose confidential information, and adversely impact the integrity of CME Group systems and operations. In addition, the public and individuals will suffer irreparable harm by this illicit, phishing scheme and become victims of identity theft. Only by issuance of this preliminary injunction can the harm to CME Group's reputation and the goodwill associated with the CME Marks be stopped.

15. The public is also injured by Defendants' actions because customers looking for CME Group on the Internet will believe they reached CME Group when they arrive at some of the Defendants' Counterfeit Websites and will be confused and misled by this conduct. In fact, CME Group believes there is actual confusion in the marketplace, which heightens the public injury. Moreover, some of the Defendants can take advantage of the customers' CME Group login information if the customers reveal it when attempting to sign into the Counterfeit Websites. Individuals providing information on the Counterfeit Websites are at risk of having their identities stolen because the Counterfeit Websites seek personally identifiable information such as full name, email, phone number, Skype name, and password.

16. In this case, the potential harm to CME Group and the public outweighs any potential harm to Defendants because any harm to Defendants in this matter is purely monetary, which would be gained at the expense of CME Group through unauthorized use of CME Group's intellectual property rights.

17. The public interest will also be served by the issuance of the preliminary injunction because "enforcement of the trademark laws prevents consumer confusion." *Eli Lily & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000). In this case, enjoining Defendants' use of the CME Marks prevents harm to consumers by eliminating the possibility of confusion as to source and sponsorship and preventing potential abuse of CME Group's customers' login information. Here, the public interest is further served by preventing the theft of individual personal information, which goes beyond the mere interest of CME Group.

18. CME Group provided Defendants in this litigation with notice of this action and the Court's April 4th hearing and the Defendants have been served.

19. Based on the foregoing facts and pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the Court finds that CME Group has some likelihood of success on the merits; CME Group has no adequate remedy at law; CME Group will suffer irreparable harm if the injunction is not granted; the balance harms weighs decidedly in CME Group's favor; and the public interest favors entry of the preliminary injunction. Therefore, CME Group's Motion to Convert the Temporary Restraining Order to a Preliminary Injunction is hereby granted.

**Terms of Preliminary Injunction:**

IT IS ORDERED that DEFENDANTS Nagovskiy, Chechurin, Golub, Does 1-3 and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

A. Using the CME Marks, including but not limited to the marks CME, CME GROUP, ⊙CME Group, CBOT, NYMEX, COMEX, [globe logo], CME CLEARPORT, CLEARPORT, E-MINI, CME GLOBEX, GLOBEX, CME DIRECT, CME STP, CME PIVOT, PIVOT, CME DATAMINE, CHICAGO MERCANTILE EXCHANGE, CHICAGO BOARD OF TRADE, and NEW YORK MERCANTILE EXCHANGE or any reproduction, counterfeit, copy, or colorable imitation thereof in any manner in connection with the sale, offering for sale, distribution, or advertising of any goods or services that are not genuine CME Group goods or services or not authorized by CME Group;

B. Using any name, mark, or domain name that wholly incorporates the CME Marks or is confusingly similar to, including but not limited to any reproduction, counterfeit, copy or a colorable imitation of, the CME Marks;

9

C. Registering, transferring, selling, owning or exercising control over any domain name that incorporates, in whole or in part, the CME Marks or anything confusingly similar thereto;

D. Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with CME Group or its services;

E. Licensing or authorizing others to use the CME Marks or any confusingly similar mark;

F. Injuring CME Group's business reputation and the goodwill associated with the CME Marks, and from otherwise unfairly competing with CME Group in any manner whatsoever;

G. Passing off Defendants' goods or services as those of CME Group;

H. Committing any acts which will blur or dilute, or are likely to blur or dilute the distinctive quality of the famous CME Marks;

I. Reproducing and displaying the Copyrighted Materials;

J. Violating any of the exclusive rights owned by CME Group in the Copyrighted Materials or any other materials in which CME Group owns copyright; and

K. Otherwise infringing upon the copyrights owned by CME Group.

IT IS FURTHER ORDERED that DEFENDANTS deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in the custody or under the control of Defendants that bear the CME Marks, include the CME Copyrighted Materials, or any other mark that is likely to be confused with the CME Marks.

IT IS FURTHER ORDERED that DEFENDANTS Nagovskiy, Chechurin, Does 1-3, and REG.RU transfer ownership, if not already transferred, of the <CMErussian.com>, <CMEgroupcenter.com>, <CMErussians.com>, <CMErussia.com> and <CMEgroupcenters.com> domain names, and any other domain names under the control of Defendants that incorporate, in whole or in part, the CME Marks or anything confusingly similar thereto, to CME Group.

IT IS FURTHER ORDERED that DEFENDANTS Nagovskiy, Chechurin, Golub, and Does 1-3 file with the Court and serve on CME Group within thirty (30) days after issuance of this order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

IT IS FURTHER ORDERED that those in privity with, working with, or providing services of any kind to DEFENDANTS Nagovskiy, Chechurin, Golub, and Does 1-3, and with notice or receipt of the injunction or any such Court order, including any Internet search engines, domain name registrars, domain name registries, Internet Service Providers, and web hosts (except for Defendants GoDaddy and Webzilla, which are subject to a separate order to be entered by the Court), shall (a) be and are restrained and enjoined from facilitating access to any and all websites and accounts through which Defendants engage in the counterfeiting use of the CME Marks, including but not limited to the Infringing Domain Names and Counterfeit Websites; (b) be ordered to provide any and all identification, contact and registration information associated with the Infringing Domain Names and Counterfeit Websites; (c) be ordered to produce any and all documents and electronically stored information regarding use, access, download, and visitors to the Counterfeit Websites; and (d) be enjoined and restrained from altering, interlining, removing, destroying, permitting the destruction of, or in any other fashion changing any records, including

electronic records, in their actual or constructive care, custody or control that are relevant to the subject matter of this lawsuit or likely to lead to the discovery of relevant records or evidence, wherever said records are physically located.

IT IS FURTHER ORDERED that DEFENDANTS OVH, EuroByte, REG.RU, and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be preliminarily enjoined and restrained from:

> A. Altering, interlining, removing, destroying, permitting the destruction of, or in any other fashion changing any records, including electronic records, in their actual or constructive care, custody or control that are relevant to the subject matter of this lawsuit or likely to lead to the discovery of relevant records or evidence, wherever said records are physically located;
>
> B. Providing Defendants Nagovskiy, Chechurin, Golub, and Does 1-3 access to any material or activity residing at the Counterfeit Websites; and
>
> C. Providing Defendants Nagovskiy, Chechurin, Golub, and Does 1-3 access to any account associated with the Infringing Domain Names and Counterfeit Websites.

IT IS FURTHER ORDERED that a subpoena be issued pursuant to 17 U.S.C. §512(h), compelling Defendants OVH, EuroByte and REG.RU to expeditiously disclose to CME Group or any person authorized by CME Group, information sufficient to identify Defendants Nagovskiy, Chechurin, Golub, and Does 1-3, to the extent such information is available as to each such Defendant. The foregoing is not intended to replace the parties' obligations under the Mandatory Initial Discovery Pilot program or other obligations set forth herein.

IT IS FURTHER ORDERED that all Defendants shall preserve and not destroy any and all records, documents, files, electronically stored information and things relating to the CME Marks, Copyrighted Materials, Infringing Domain Names, and Counterfeit Websites, including but not limited to registration materials, login data, user information, file structure and directory, data packets, and shall take steps to retrieve files that may have been deleted before entry of the Temporary Restraining Order and/or this preliminary injunction.

IT IS FURTHER ORDERED that CME Group does not need to post any bond.

IT IS FURTHER ORDERED that the case shall be unsealed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above preliminary injunction shall remain in effect until further order of this Court.

IT IS FURTHER ORDERED that this Order is effective as of April 5, 2019.

IT IS SO ORDERED.

Date: 4/8/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge