**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc., <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, Ludmila Alexandrova, Viktor Kochin, Legato LLC, Regtime, Ltd., Masterhost LLC, OVH SAS, EuroByte LLC, Wix.com Ltd., Registrar of Domain Names REG.RU LLC, and Does 1-3, <br><br>　　　　　Defendants. | Civil Action No. 1:19-cv-01621 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Sheila M. Finnegan |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc. (hereinafter collectively referred to as "CME Group"), move for leave to file a third amended complaint as reflected in the Third Amended Complaint, attached hereto as Exhibit 1. CME Group has good cause for this motion because the requested amendments (1) add newly identified defendants to address recent infringing conduct for nearly identical counterfeiting and phishing websites already at issue in this case; and (2) amend the Prayer for Relief to seek full relief against all defendants. Further, the present motion is timely because no defendant has filed an answer or otherwise responded and no defendant will be prejudiced by granting this Motion. Therefore, justice requires that

1

CME Group be granted leave to file its Third Amended Complaint.

## I. Background

This case is still in its early stages, no defendant has answered the prior complaints, and no discovery has been taken. CME Group filed its original Complaint on March 7, 2019 alleging claims of trademark counterfeiting, trademark infringement, trademark dilution, cybersquatting, anti-phishing, copyright infringement and state and common law claims against a number of different defendants. (Dkt. No. 1). That same day, the Court entered a *Temporary Restraining Order and Other Relief* based on CME Group's *Ex Parte* Motion for a Temporary Restraining Order. (Dkt. No. 22). After the filing of this action, CME Group discovered newly registered infringing domain names and websites that are nearly identical to the domain names and websites detailed in the original Complaint, along with additional defendants, which resulted in CME Group filing its First Amended Complaint on March 21, 2019 (Dkt. No. 33). Subsequently, the Court granted CME Group leave to file its Second Amended Complaint to allow CME Group to clarify its pleadings and streamline some of the issues and claims in the litigation (Dkt. No. 58).

## II. Legal Standard for Amendments Under Rule 15(a)

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." The U.S. Supreme Court has also held that amendments should be allowed: "[i]n the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, the Seventh Circuit has "adopted

a liberal policy respecting amendments to pleadings so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) ("[A]pplying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits.")

### III. CME Group Seeks to Add Defendants to Address Additional Counterfeit Websites and to Amend its Prayer for Relief.

As the Court may aware, this litigation is focused on addressing counterfeit websites that seek to defraud and confuse current and prospective customers of CME Group. Specifically, a number of individuals, likely based in Russia, have copied CME Group's copyrighted materials from its website and are using CME Group's well-known and registered brands in connection with fake websites. (Dkt. No. 58) These websites are designed to defraud individuals. Given the overwhelming evidence submitted in connection with its *Ex Parte* Motion for a Temporary Restraining Order and Motion to Convert the Temporary Restraining Order to a Preliminary Injunction, the Court found that CME Group has a high likelihood of success on the merits of its claims. (Dkt. Nos. 1-14 & 44-46). As a result, on April 8, 2019, the Court entered its Preliminary Injunction Order enjoining conduct related to the operation of these counterfeit websites and phishing schemes. (Dkt. No. 58).

Subsequent to entry of the Preliminary Injunction, CME Group learned of new counterfeit websites that contain nearly identical infringing content as the existing counterfeit websites in this litigation. Some of these domain names and websites were launched within the last several days. These additional websites and the new defendants

3

are as follows:

- The domain name www.CMEtre.com was registered on April 7, 2019 and is owned by Ludmilla Alexandrova of Moskovski, Russia ("Alexandrova"). A screenshot of this website below:



- The domain name www.CMEGROUPru.com was registered on June 29, 2019 and is owned by Viktor Kochin and he resides in either Russia or Norway ("Kochin"). Wix.com Ltd. ("Wix") provides domain name registrar and internet service provider or hosting services for this domain name and website. This website contained similar content to other websites at issue in this litigation, including the use of the same fake Russian address in Nizhny Novgorod, Russia that is used on the website www.CMErussia.com and the website contains links to the www.CMErussia.com website. A screenshot of this website is below:

4



- More recently, on July 22, 2019, the domain names www.CMErepresentation.com and www.CME-official.com were registered and are likely owned by Legato LLC of Samara, Russia ("Legato"). These websites are nearly identical to the website www.CMErussia.com, which is another counterfeit websites at issue in this litigation. Masterhost LLC is a Russian company ("Masterhost") and the internet service provider for the website at www.CMErepresentation.com. Regtime, Ltd. is a Russian company ("Regtime") and is the domain name registrar for www.CMErepresentation.com. Existing defendant Eurobyte, LLC is the internet service provider for www.CME-official.com. A screenshot of the new websites is shown below:



CME Group has reason to believe that the registrant information for these domain names and websites may not be accurate. Given the nearly identical nature of these websites with the same false information, CME Group has a reasonable and good faith belief that these new domain names and websites were registered by and are being operated by Defendants Dmitro Nagovskiy ("Nagovskiy,") Evgeniy Golub ("Golub"), and/or Konstantin Chechurin ("Chechurin") and/or someone working in concert with them or at their direction. In its Third Amended Complaint, CME Group seeks to add the new defendants Alexandrova, Kochin, Legato, Masterhost, Wix, and Regtime, which are associated with new infringing and counterfeit domain names and websites. CME Group is not adding any new claims. Instead, the claims in this litigation remain the same.

In addition, CME Group is amending its Prayer for Relief to seek monetary damages against all defendants in litigation consistent with the actual causes of action asserted against them. The Second Amended Complaint seeks monetary damages as to some defendants and these amendments seek monetary relief against all defendants.

In bringing this Motion, CME Group is acting in good faith and does not seek to

unnecessarily delay resolution of this litigation. Instead, CME Group's conduct is reasonable and there is good cause for granting this Motion.

IV. **CME Group's Request to File Its Third Amended Complaint is Timely.**

CME Group's request to file its Third Amended Complaint is timely. To-date, none of the defendants have filed an answer or other responsive pleading in this case. The court entered default against the existing defendants on June 10, 2019 (Dkt No. 69). As a result, the litigation is still in the early stages. This amended complaint will only give the defendants a further opportunity to participate in this litigation. Therefore, none of the defendants will be prejudiced by the filing of CME Group's Third Amended Complaint.

V. **Based on the Seventh Circuit's Liberal Policy on Amendments, the Broad Discretion Provided in Rule 15(a) and the Lack of Any Prejudice to the Defendants, There is Good Cause for the Court to Grant CME Group Leave to File its Third Amended Complaint.**

Here, CME Group is requesting to amend its Complaint to add new defendants that have registered new infringing domains and/or operating counterfeit websites, including websites that were launched in the last several days. In addition, CME Group's proposed amendments to the Prayer for the Relief will seek uniform relief against the Defendants based on the counts asserted against them. This request is timely as the case is in its early stages and none of the defendants have filed an answer or other responsive pleading. Therefore, none of the defendants will be prejudiced by the filing of this Third Amended Complaint. Based on the Seventh Circuit's liberal policy toward granting leave to amend, justice requires that leave should be given here for CME Group to file its Third Amended Complaint as reflected in Exhibit 1. *See, e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015)

## CONCLUSION

For the foregoing reasons, CME Group respectfully requests that the Court grant its Motion For Leave to File Its Third Amended Complaint, attached as Exhibit 1, because the Motion has been brought in good faith, no defendant will suffer prejudice and the Motion is timely.

CME Group will submit a proposed Order in accordance with the Court's requirements.

Respectfully submitted,

Dated: July 26, 2019

By: /s/ Joseph T. Kucala, Jr.
Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Angela J. Simmons (Reg. No. 6289024)
Christian S. Morgan (Reg. No. 6327350)
Matthew D. Witsman (Reg. No. 6327790)
NORVELL IP LLC
333 S. Wabash Ave., Suite 2700
Chicago, Illinois 60604
Telephone: (888) 315-0732
Facsimile: (312) 268-5063
courts@norvellip.com

*Attorneys for Plaintiffs*
*CME Group Inc.*
*Chicago Mercantile Exchange Inc.*
*New York Mercantile Exchange, Inc.*
*Commodity Exchange, Inc.*
*Board of Trade of the City of Chicago, Inc.*
*Pivot, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT and supporting exhibits were served upon Defendants via electronic mail on July 26, 2019 to:

| | |
|---|---|
| *Defendant Dmitro Nagovskiy*<br>Karla Marksa 122, Dnipro<br>State/Province: Dnipro<br>Postal Code: 49000<br>Dnipro, Ukraine<br>nagovskiydmitriy@gmail.com | *Defendant Registrar of Domain Names REG.RU LLC*<br>125252, Moscow, passage Berozovoy Roshchi, 12, floor 2, room 4,<br>Russian Federation<br>abuse@reg.ru |
| *Defendant OVH SAS*<br>2 rue Kellermann,<br>59100 Roubaix<br>France<br>abuse@ovh.net | *Defendant Konstantin Chechurin*<br>str. OTKE 38/19<br>Anadir Chukotka 689000<br>Russian Federation<br>wallet.145.adv@gmail.com |
| *Defendant EuroByte LLC*<br>Lyublinskaya str, 42,<br>office L-507, 109387<br>Moscow, Russian Federation<br>abuse@eurobyte.ru | *Defendant Evgeniy Golub*<br>golub.evgeniy.domen@yandex.ru |

Dated:  July 26, 2019            /s/ Joseph T. Kucala, Jr.
                                 Joseph T. Kucala, Jr.

9