**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc., | Civil Action No. 1:19-cv-01621 |
| Plaintiffs, | Judge Sharon Johnson Coleman |
| v. | Magistrate Judge Sheila M. Finnegan |
| Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, Ludmila Alexandrova, Viktor Kochin, Legato LLC, Regtime, Ltd., Masterhost LLC, OVH SAS, EuroByte LLC, Wix.com Ltd., Registrar of Domain Names REG.RU LLC, and Does 1-3, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**

Dated: July 30, 2019

Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Angela J. Simmons (Reg. No. 6289024)
Christian M. Morgan (Reg. No. 6327350)
Matthew D. Witsman (Reg. No. 6327790)
NORVELL IP LLC
333 S. Wabash Ave, Suite 2700
Chicago, Illinois 60607
Telephone: (888) 315-0732
Facsimile: (312) 268-5063
courts@norvellip.com

*Attorneys for Plaintiffs*
*CME Group Inc.*
*Chicago Mercantile Exchange Inc.*
*New York Mercantile Exchange Inc.*
*Commodity Exchange, Inc.*
*Board of Trade of the City of Chicago, Inc.*
*Pivot, Inc.*

I. **INTRODUCTION**

Pursuant to Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure, Plaintiffs CME Group Inc., et al. (collectively, "CME Group") respectfully move the Court for an order authorizing alternative service via email of the pleadings filed in this case upon newly added Defendants Ludmilla Alexandrova, Viktor Kochin, Legato LLC, Regtime Ltd., Masterhost LLC, and Wix.com Ltd. (collectively, the "Foreign Defendants").[1] First, CME Group has a reasonable basis to conclude that the email addresses for these Foreign Defendants are valid. Second, courts routinely allow alternative service via email in situations similar to this where email is the most reliable method of service to reach the defendants. This Court previously authorized service via email on existing defendants in this litigation. (Dkt. Nos. 27 & 35). CME Group effected service on all of those defendants. (Dkt. No. 67). Because the primary purpose of service of process is to apprise defendants of the action and afford them the opportunity to present their objections, this purpose will be satisfied by service via email. Further, an order allowing service of process via email will benefit all parties and this Court by ensuring that the Foreign Defendants receive immediate notice of the pendency of this action allowing the case to move forward without unnecessary delay often associated with service of foreign defendants.

In support of this Motion, CME Group states as follows:

II. **STATEMENT OF FACTS**

On March 7, 2019, CME Group filed under seal its Complaint for willful trademark counterfeiting, trademark infringement, dilution, unfair competition, cybersquatting,

---

[1] CME Group filed a Motion for Leave to File a Third Amended Complaint on July 26, 2019 requesting leave to add these new defendants (Dkt. No. 71), and CME Group files this present Motion if the Court grants leave for the Third Amended Complaint.

copyright infringement, Digital Millennium Copyright Act violations, phishing, deceptive trade practices, and other causes of action arising out of the unauthorized registration of the infringing domain names <CMErussian.com> (the "CMErussian Domain Name") and <CMEgroupcenter.com> (the "CMEgroupcenter Domain Name"), and the operation of the related counterfeit websites at www.CMErussian.com (the "CMErussian Counterfeit Website") and www.CMEgroupcenter.com (the "CMEgroupcenter Counterfeit Website"). (Dkt. No. 1.). That same day, the Court entered a *Temporary Restraining Order and Other Relief* based on CME Group's *Ex Parte* Motion for a Temporary Restraining Order. (Dkt. No. 22). After the filing of this action, CME Group discovered newly registered infringing domain names and websites that are nearly identical to the domain names and websites detailed in the original Complaint, along with additional defendants, which resulted in CME Group filing its First Amended Complaint on March 21, 2019. (Dkt. No. 33). Specifically, the First Amended Complaint added the infringing domain names <CMEgroupcenters.com> (the "CMEgroupcenters Domain Name"), <CMErussia.com> (the "CMErussia Domain Name"), and <CMErussians.com> (the "CMErussians Domain Name"), the newly launched counterfeit websites at www.CMEgroupcenters.com (the "CMEgroupcenters Counterfeit Website") and www.CMErussia.com (the "CMErussia Counterfeit Website"), and added Defendants Evgeniy Golub ("Golub"), EuroByte LLC ("EuroByte"), and Registrar of Domain Names REG.RU LLC ("REG.RU"). *Id.* Subsequently, the Court granted CME Group leave to file its Second Amended Complaint to allow CME Group to clarify its pleadings and streamline some of the issues and claims in the litigation. (Dkt. No. 58).

CME Group recently learned of new infringing conduct and on July 26, 2019, CME

2

Group filed its Motion for Leave to File a Third Amended Complaint that seeks to add new Defendants Ludmila Alexandrova, Viktor Kochin, Legato LLC, Regtime Ltd., Masterhost LLC and Wix.com Ltd., which are related to and/or operate the new infringing domain names and websites at www.CMEtre.com, www.CMEGROUPru.com, www.CMErepresentation.com, and www.CME-official.com. (Dkt. No. 71).

Defendant Ludmila Alexandrova ("Alexandrova") is an individual with a claimed address at Parkovaa 11/79, Balashiha, Moskovski 105173, Russian Federation, and is associated with the email addresses cmetre.adv@gmail.com and cmeg.group@gmail.com. (Dkt. No. 71, Ex. 1, Paras. 12, 27, 81-82; Dkt. No. 71, Ex. R). Alexandrova registered the domain name <CMEtre.com> (the "CMEtre Domain Name"), which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademarks and the name CME. *Id.* The website for this domain name at www.CMEtre.com (the "CMEtre Counterfeit Website") contains copyrighted content copied from CME Group's actual website at www.cmegroup.com and is identical to the website now at www.CMErussia.com. *Id.*

Defendant Viktor Kochin ("Kochin") is an individual that likely resides in either Russia or Norway, and is associated with the email address cmegroupru.com@wix-domains.com. (Dkt. No. 71, Ex. 1, Paras. 13, 28, 83). Kochin registered the domain name <CMEGROUPru.com> (the "CMEGROUPru Domain Name"), which fully incorporates and is confusingly similar to CME Group's famous and registered CME® and CME GROUP® trademarks and the names CME and CME Group. *Id.* The website for this domain name at www.CMEGROUPru.com (the "CMEGROUPru Counterfeit Website") contains copyrighted content from CME Group's actual website at www.cmegroup.com

3

and links to, and is nearly identical to, the website now at www.CMErussia.com. *Id.*

Defendant Legato LLC is a Russian company with a principal place of business at Moskovskoe shosse 17, Floor 21, Samara, Samara 443013, Russian Federation ("Legato"), and is associated with the email address reg@legato.name. (Dkt. No. 71, Ex. 1, Paras. 14, 29, 84-86). Legato is a related entity to Defendant Regtime Ltd. *Id.* Defendant Legato registered the domain name <CMErepresentation.com> (the "CMErepresentation Domain Name"), which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademarks and the CME name. *Id.* The website for this domain name at www.CMErepresentation.com (the "CMErepresentation Counterfeit Website") contains copyrighted content from CME Group's actual website at www.cmegroup.com. *Id.* Upon information and belief, Defendant Legato, and/or someone working in concert with it or at its direction, also registered the domain name <CME-official.com> (the "CME-official Domain Name"), which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademarks and the CME name. *Id.* The website for this domain name at www.CME-official.com (the "CME-official Counterfeit Website") contains copyrighted content from CME Group's actual website at www.cmegroup.com and is identical to the CMErepresentation Counterfeit Website. *Id.*

Defendant Regtime, Ltd. is a Russian company with a principal place of business at Moskovskoe shosse 17, Floor 21, Samara, Samara 443013, Russian Federation ("Regtime"), and is associated with the email addresses abuse@regtime.net and support@regtime.net. (Dkt. No. 71, Ex. 1, Paras. 21, 35, 113). Regtime is a related entity to Defendant Legato. *Id.* Defendant Regtime is a domain registrar for the

4

CMErepresentation Domain Name.

Defendant Masterhost LLC is a Russian company with a principal place of business at 2nd Yuzhnoportovy passage, house 18, building 2, 115088 Moscow, Russian Federation ("Masterhost"), and is associated with the email addresses support@masterhost.ru and info@masterhost.ru. (Dkt. No. 71, Ex. 1, Paras. 17, 32, 114). Masterhost is an internet service provider ("ISP") that provides website hosting services and/or related services for the CMErepresentation Counterfeit Website. *Id.*

Defendant Wix.com Ltd. is an Israeli company with a principal place of business at 40 Namal Tel Aviv St., Tel Aviv, Israel 6701101 ("Wix"), and is associated with the email addresses legal@wix.com and notifications@wixanswers.com. (Dkt. No. 71, Ex. 1, Paras. 18, 33, 112). Wix is a domain registrar for the CMEGROUPru Domain Name and an ISP that provides website hosting, design, and/or related services for the CMEGROUPru Counterfeit Website. *Id.*

### A. Defendants Alexandrova, Kochin, and Legato

CME Group recently identified the new CMEtre Domain Name, CMEGROUPru Domain Name, CMErepresentation Domain Name, and CME-official Domain Name (collectively, the "Infringing Domain Names"), and the associated CMEtre Counterfeit Website, CMEGROUPru Counterfeit Website, CMErepresentation Counterfeit Website, and CME-official Counterfeit Website (collectively, the "Counterfeit Websites"), which were registered by, are owned by, and/or are operated by Defendants Alexandrova, Kochin, and Legato. (Dkt. No. 71, Ex. 1).

The Internet Corporation for Assigned Names and Numbers ("ICANN") WHOIS records identify Defendant Alexandrova as the registrant of the CMEtre Domain Name

5

(Dkt. No. 71, Ex. R), Defendant Legato as the registrant of the CMErepresentation Domain Name (Dkt. No. 71, Ex. W), and Defendant Kochin as the registrant of the CMEGROUPru Domain Name (Dkt. No. 71, Ex. U). Pursuant to ICANN regulations, a domain registrant is required to provide accurate contact information when registering the domain name. *See* Exhibit A, a true and correct printout of ICANN <.com> Registry Agreement Appendix 7. Moreover, as a practical matter, Defendants Alexandrova, Kochin, and Legato must keep accurate email addresses to maintain their accounts with the relevant domain name registrars and internet services providers or hosts, and to communicate with these third parties regarding issues related to hosting of their Counterfeit Websites and maintenance of their Infringing Domain Names. In addition, it appears that the complained of conduct of Defendants Alexandrova, Kochin, and Legato is entirely online and facilitated through their respective Counterfeit Websites and through email and other online communications. (Dkt. No. 71, Ex. 1). It is necessary for purveyors of online information such as Defendants Alexandrova, Kochin, and Legato, who appear to operate entirely online, to provide customers with an accurate email address by which customers can contact them to ask questions and receive information. Moreover, CME Group previously sent email correspondence to Defendants Alexandrova and Kochin and did not receive any bounce back messages. *See* Exhibit B, true and correct printouts of emails sent to Defendants Alexandrova and Kochin. Accordingly, it is CME Group's reasonable belief that Defendants Alexandrova, Kochin, and Legato rely primarily on electronic communications to and from the email addresses listed above to communicate with their respective domain name registrars, internet service providers or hosts, and customers of their counterfeit Websites, all of which demonstrate the reliability of this

6

method of communication to quickly and effectively apprise Defendants Alexandrova, Kochin, and Legato of the pendency of this action.

Further, as demonstrated above, CME Group has a reasonable basis for its belief that these individuals are located in Russia based on their place of business, public WHOIS records, and the fact that the Counterfeit Websites are in Russian.

### B. Defendants Masterhost, Regtime, and Wix

As outlined above, Defendants Masterhost and Regtime are Russian companies with a principal place of business in the Russian Federation. Masterhost is an ISP that provides website hosting services and/or related services for the CMErepresentation Counterfeit Website. (Dkt. No. 71, Ex. 1, Paras. 17, 32, 114). Regtime is a domain registrar for the CMErepresentation Domain Name and is likely related to Defendant Legato. Given the domain registration and webhosting and related services offered by Defendants Masterhost and Regtime, their business structure and offerings are focused online and in the ecommerce space. Indeed, Defendants Masterhost and Regtime encourage their customers to contact them via email for general questions, technical/customer support, billing, and reporting abuse. *See* Exhibits C & D, true and correct printouts of Defendants Masterhost's and Regtime's websites (translated from Russian). For example, customers who wish to report abuse on these Defendants' networks are required to submit an online abuse report form through their respective websites, and can provide or request additional information to/from Masterhost and Regtime by emailing them at support@masterhost.ru and abuse@regtime.net, respectively. *Id.* This further demonstrates the reliability of service via email for Defendants Masterhost and Regtime.

7

Finally, Defendant Wix is an Israeli company with a principal place of business in Tel Aviv, Israel. Wix is a domain registrar for the CMEGROUPru Domain Name and an ISP that provides website hosting, design, and/or related services for the CMEGROUPru Counterfeit Website. Like Defendants Masterhost and Regtime, Defendant Wix's business structure and offerings are also focused online and in the ecommerce space, and Defendant Wix also encourages its customers to contact it online, either via email or on its website, including through its online Wix Help Center. *See* Exhibit E, true and correct printouts of Defendant Wix's website. Even more, customers who wish to report abuse on Defendant Wix's network are required to submit an online abuse report form through Defendant Wix's website, and the Wix Support team responds to such reports from their email address notifications@wixanswers.com. *Id.;* Exhibit F, a true and correct printout of correspondence from Defendant Wix. This demonstrates the reliability of service via email for Defendant Wix.

### III. ANALYSIS

"[A] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). "[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Id.*; *see also Equity Residential Properties Mgmt. Corp. v. Nasolo*, 364 Ill. App. 3d 26, 35 (1st Dist. 2006). The Federal Rules require that the formalities of service of process under Rule 4 must be heeded.

#### A. Service by Email Is Warranted Under Rules 4(f)(3) and 4(h)(2)

Rule 4(f)(3) of the Federal Rules of Civil Procedure applies when serving an

8

individual or entity in a foreign country and allows the Court to authorize service of process by any means not prohibited by international agreement, as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Rule 4(h)(2) applies when serving a corporation, partnership or association "at a place not within any judicial district of the United States" and allows for service in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i). Fed. R. Civ. P. 4(h)(2). Rule 4 does not require that a party attempt service of process by the methods enumerated in Rule 4(f)(2) before petitioning the court for alternative relief under Rule 4(f)(3). *Id.* at 1014-15; *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *7 (N.D. Ill. Apr. 19, 2013) (adopting the reasoning of the Ninth Circuit in *Rio Properties,* and finding it unnecessary for plaintiff to attempt service prior to seeking permission for alternative service). Whether to allow a proposed alternative means of service is a matter dedicated to the district court's discretion. *See Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 766 F.3d 74, 84 (D.C. Cir. 2014) ("On remand, the district court retains discretion under Rule 4(f)(3) to authorize service even if the alternative means would contravene foreign law.").

An alternative method of service must comport with constitutional notions of due process such that the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Courts across the country and trial courts in this District have authorized service via email.

The Ninth Circuit in *Rio Properties* held, "without hesitation," that email service of

9

an online business defendant "was constitutionally acceptable" because the defendant conducted its business over the internet, used email regularly in its business, and encouraged parties to contact it via email. *Id.* at 1017; *see also MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (authorizing foreign defendants to be served via email where plaintiffs demonstrated that defendants would receive and respond to email communications). Therefore, the Court should find that alternative service via email pursuant to Rules 4(f)(3) and 4(h)(2) is appropriate in this case where the Foreign Defendants are operating and/or facilitating the operation of the Counterfeit Websites in connection with an international phishing scheme that relies heavily on the Foreign Defendants' use of valid email addresses and conducting of business online. *Rio Properties* 284 F.3d *Id.* at 1017; s*ee also Tory Burch LLC v. Does 1-100*, No. 12 C 7163, 2012 WL 4581409, at *1 (N.D. Ill. Oct. 2, 2012) (service by email and publication appropriate); *Tiffany (NJ), LLC v. Dongping*, No. 10–61214–CIV, 2010 WL 4450451, at *3 (S.D. Fla. Oct. 29, 2010) (service by email and publication approved); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*) (allowing email service).

### 1. Defendants Alexandrova, Kochin,[2] and Legato

Defendants Alexandrova, Kochin, and Legato appear to be residents of Russia, so Rule 4(f)(3) applies. *See* Third Amended Complaint, Dkt. No. 71, Exhibits R, S, U, W. As discussed below, service via email on defendants in Russia is not prohibited by

---

[2] The public WHOIS record for the domain www.CMEGROUPru.com identifies Viktor Kochin with no address, but lists NO as the country, which references Norway. Given the website is in Russian and all other defendants in this illegitimate scheme have originated from Russia, there is a reasonable belief that Kochin is in Russia as well. In addition, the conflicting information about a physical address reinforces the reliability of email to properly serve Kochin.

international agreement and is the method of service most likely to reach them. Based on information collected, Defendants Alexandrova, Kochin, and Legato utilize the email addresses [cmetre.adv@gmail.com](cmetre.adv@gmail.com) and [cmeg.group@gmail.com](cmeg.group@gmail.com) (Alexandrova), [cmegroupru.com@wix-domains.com](cmegroupru.com@wix-domains.com) (Kochin), and [reg@legato.name](reg@legato.name) (Legato) in connection with their infringing conduct and in corresponding accounts with the domain name registrars and internet service providers or hosts. *Id.*

Defendants Alexandrova, Kochin, and Legato necessarily use their email addresses to maintain and pay for the website hosting and privacy protection services in furtherance of the conduct complained of herein, and to communicate with third parties such as payment processors to complete transactions at their websites. In other words, Defendants Alexandrova, Kochin, and Legato have "embraced the modern e-business model" and structured their business around the Counterfeit Websites. *Rio Properties, Inc.*, 284 F.3d at 1016. Moreover, CME Group contacted Defendants Alexandrova and Kochin via email and did not receive a "bounce back" indicating that its correspondence to Defendants Alexandrova or Kochin were undeliverable. *Drummond Co., Inc. v. Collingsworth*, No. 2:15-CV-506-RDP, 2016 WL 9980715, at *2 (N.D. Ala. Oct. 18, 2016) (noting that service of process by email is reasonably calculated to provide actual notice when the test email is not returned as "undeliverable" or "bounced back"). Because Defendants Alexandrova, Kochin, and Legato are required to use their email addresses to maintain the business and the Counterfeit Websites, the service of the pleadings in this case via email is the "method of service most likely to reach" these Defendants. *Id.*

### 2. Defendants Masterhost, Regtime, and Wix

Rule 4(h)(2) applies to Defendants Masterhost and Regtime, which are both

11

companies located in Russia, and to Defendant Wix, which is located in Israel. *See* Exhibits C, D, E. As discussed above, Defendant Masterhost is an ISP, Defendant Regtime is a domain name registrar, and Defendant Wix is both a domain registrar and ISP, and these companies have "embraced the modern e-business model" with business structures and offerings focused online. *Rio Properties, Inc.*, 284 F.3d at 1016. Defendants Masterhost, Wix, and Regtime also encourage their customers to contact them online and via email, and have set up online abuse report systems. *See* Exhibits C, D, E.

Defendants Masterhost, Wix, and Regtime use their email addresses to correspond with their customers, receive and respond to reports of abuse, and to complete online transactions. Given their use of email reporting systems and their online focus, serving the pleadings in this case via email is the "method of service most likely to reach" Defendants Masterhost, Wix, and Regtime, and is the best, most reliable method to apprise them of the pendency of this action and afford them an opportunity to respond. *Rio Properties, Inc.*, 284 F.3d at 1016.

### B. Service by Email Is Permissible Under the Hague Convention

When considering motions for alternative service of foreign defendants, courts generally look at whether or not the proposed method of service is prohibited under the Hague Convention and, more specifically, if the underlying country has expressly rejected or objected to that specific method of service. Here, service by email is not prohibited by the Hague Convention, and the enumerated methods of service under the Hague Convention need not be used before alternative service is ordered. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

12

Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163; *Drummond Co.*, 2016 WL 9980715, at *2 ("Notably, even if the Hague Service Convention did apply, service by email is not prohibited by the Hague Service Convention."); *Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016). Russia, Norway, and Israel are signatories to the Hague Convention. Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163.

This Court has already authorized service of process via email against other defendants located in Russia under the same rational. (Dkt. Nos. 27 & 35). Service of process via email has been approved even when the country at issue has objected to Article 10 of the Hague Convention, which provides for service via postal mail, because such an objection does not amount to a rejection of service via email. *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14–cv–9913, 2015 WL 3457452, at * 7 (S.D.N.Y. June 1, 2015) (finding no rejection of service by email). Accordingly, a court may order service by email, where appropriate. *See Freedom Watch, Inc.*, 766 F.3d at 84.

Here, it appears Defendants Alexandrova, Kochin, and Legato reside in Russia, and Defendants Masterhost and Regtime are companies located in Russia. Even though Russia has objected to Article 10 regarding service via postal mail, courts have nonetheless recognized that service on defendants in Russia via email is "sufficient and proper" and qualifies as an alternative means of service under Rule 4(f)(3). *See, e.g., In re Cyphermint, Inc.*, 445 B.R. 11, 15-17 (Bankr. D. Mass. 2011) (holding that alternative service was "sufficient and proper" because service under the Hague Convention had "been rendered impossible due to the unilateral action of the Russian Federation's Central Authority").

13

Based on the information collected, Defendant Wix is located in Israel and there is a reasonable belief that Kochin resides in Russia, but the WHOIS records indicate that he may reside in Norway. CME Group has not identified any other international agreement that prohibits service by email in Norway or Israel, and courts have allowed service via email in Norway and Israel. *See, e.g., Williams-Sonoma Inc. v. Friendfinder Inc.*, No. 06-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (distinguishing service via email from service via postal mail and concluding that service by email to parties in Israel and Norway, among other countries, was permissible).

In addition, because CME Group and Defendant Wix have communicated via email regarding the CMEGROUPru Domain Name and CMEGROUPru Counterfeit Website, service via email is reasonably calculated to apprise Wix of the action and afford Wix an opportunity to respond to the complaint. *See RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012) (holding that service by email on defendants in Israel comports with the requirements of both Rule 4(f)(3) and Due Process when the plaintiff has successfully reached defendant via email previously).

Because the Foreign Defendants use their email addresses to maintain their online businesses and communicate with third parties and customers, and service via email to defendants in Russia, Israel, and Norway is permissible under the Hague Convention, service via email on the Foreign Defendants is warranted and reasonably calculated to apprise these defendants of the pendency of the action and afford them an opportunity to present their objections.

## IV.    **CONCLUSION**

CME Group respectfully requests that the Court authorize service by email on the

14

Foreign Defendants pursuant to Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure. CME Group has valid email addresses for the Foreign Defendants, and courts routinely allow for alternative service via email in situations similar to this where email is the most reliable method by which to reach the defendants. Moreover, service via email will achieve the primary purpose of service of process by apprising the Foreign Defendants of the action and affording them the opportunity to present their objections. Finally, an order allowing service of process via email will benefit all parties and this Court by ensuring that the Foreign Defendants receive immediate notice of the pendency of this action allowing the case to move forward without unnecessary delay.

Respectfully submitted,

CME GROUP INC.
CHICAGO MERCANTILE EXCHANGE INC.
NEW YORK MERCANTILE EXCHANGE, INC.
COMMODITY EXCHANGE, INC.
BOARD OF TRADE OF THE CITY OF CHICAGO, INC.
PIVOT, INC.

Dated: July 30, 2019    By: _____
Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Angela J. Simmons (Reg. No. 6289024)
Christian S. Morgan (Reg. No. 6327350)
Matthew D. Witsman (Reg. No. 6327790)
NORVELL IP LLC
333 S. Wabash Ave., Suite 2700
Chicago, Illinois 60604
Telephone: (888) 315-0732
Facsimile: (312) 268-5063
courts@norvellip.com

*Attorneys for Plaintiffs*