**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc., | Civil Action No. 1:19-cv-01621 |
| Plaintiffs, | |
| v. | Judge Sharon Johnson Coleman |
| Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, Ludmila Alexandrova, Viktor Kochin, Legato LLC, Regtime, Ltd., Masterhost LLC, OVH SAS, EuroByte LLC, Wix.com Ltd., Registrar of Domain Names REG.RU LLC, and Does 1-3, | Magistrate Judge Sheila M. Finnegan |
| Defendants. | |

**THIRD AMENDED COMPLAINT FOR WILLFUL TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, CYBERSQUATTING, ANTI-PHISHING, COPYRIGHT INFRINGEMENT, VIOLATION OF DMCA, AND ILLINOIS STATE AND COMMON LAW CAUSES OF ACTION**

Plaintiffs CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc. (hereinafter collectively referred to as "CME Group"), bring this action against Defendants Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, Ludmila Alexandrova, Viktor Kochin, Masterhost LLC, Regtime, Ltd., Wix.com Ltd., Legato LLC, OVH SAS, EuroByte LLC, Registrar of Domain Names REG.RU LLC, and Does 1-3 (hereinafter collectively referred to as "Defendants") and allege as follows:

**NATURE OF ACTION**

1.     This action is for willful trademark counterfeiting, trademark infringement, dilution, unfair competition, and cybersquatting in violation of the Lanham Act, 15 U.S.C.

§§ 1114(1) and 1125(a), (c) and (d); willful copyright infringement in violation of 17 U.S.C. § 101 *et seq.;* violation of the Digital Millennium Copyright Act Copyright Management Information Provisions, 17 U.S.C. § 1202 *et seq.*; deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*; phishing activities in violation of the Illinois Anti-Phishing Act, 740 Ill. Comp. Stat. 7/1 *et seq.*; consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; unfair competition in violation of Illinois common law; and dilution in violation of the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65.

2.     This action results from Defendants' unauthorized and willful operation of counterfeit websites that use CME Group's registered trademarks and copyrighted materials causing harm to CME Group and individuals in the State of Illinois and this District.

## THE PARTIES

3.     Plaintiff Chicago Mercantile Exchange Inc. is a Delaware corporation with its principal place of business at 20 South Wacker Drive, Chicago, Illinois 60606 ("CME").

4.     Plaintiff New York Mercantile Exchange, Inc. is a Delaware corporation with its principal place of business at 300 Vesey Street, New York, New York 10282 ("NYMEX").

5.     Plaintiff Commodity Exchange, Inc. is a New York corporation with its principal place of business at 300 Vesey Street, New York, New York 10282 ("COMEX").

6.     Plaintiff Board of Trade of the City of Chicago, Inc. is a Delaware non-profit corporation with its principal place of business at 141 West Jackson Boulevard, Chicago,

Illinois 60604 ("CBOT").

7. Plaintiff Pivot, Inc. is a Delaware corporation with its principal place of business at 10 Milk Street, Suite 610, Boston, Massachusetts 02108 ("Pivot").

8. Plaintiff CME Group Inc. is a Delaware corporation with its principal place of business at 20 South Wacker Drive, Chicago, Illinois 60606. CME Group Inc. is the parent company to CME, NYMEX, COMEX, CBOT, and Pivot (collectively, "CME Group").

9. Defendant Dmitro Nagovskiy ("Nagovskiy") is an individual with a claimed address at Karla Marksa 122 Dnipro, 49000, Ukraine, and is associated with the email address nagovskiydmitriy@gmail.com. Nagovskiy registered the domain name <CMErussian.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademark and the name CME.  The website for this domain name contains copyrighted content from CME Group's actual website at www.cmegroup.com. Upon information and belief, Defendant Nagovskiy, and/or someone working in concert with him or at his direction, also registered the domain name <CMErussia.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademark and the name CME. The website for this domain name contains copyrighted content from CME Group's actual website at www.cmegroup.com and is identical to the website previously at www.CMErussian.com. Upon information and belief, Defendant Nagovskiy, and/or someone working in concert with him or at his direction, also registered the domain name <CMErussians.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademark and the name CME.

10. Defendant Konstantin Chechurin ("Chechurin") is an individual with a

claimed address at str. OTKE 38/19, Anadir Chukotka 689000, Russian Federation, and is associated with the email address wallet.145.adv@gmail.com. Chechurin registered the domain name <CMEgroupcenter.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® and CME GROUP® trademarks and the names CME and CME Group. The website for this domain name contains copyrighted content from CME Group's actual website at www.cmegroup.com. Upon information and belief, Defendant Chechurin, and/or someone working in concert with him or at his direction, also registered the domain name <CMEgroupcenters.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® and CME GROUP® trademarks and the names CME and CME Group. The website for this domain name contains copyrighted content from CME Group's actual website at www.cmegroup.com and is identical to the website previously at www.CMEgroupcenter.com.

11. Defendant Evgeniy Golub ("Golub") is an individual that likely resides in either Russia or Ukraine, and is associated with the email address golub.evgeniy.domen@yandex.ru. Upon information and belief, Defendant Golub, along with Defendant Nagovskiy, operates the website at www.CMErussian.com, which contains copyrighted content from CME Group's actual website at www.cmegroup.com and is identical to the website now at www.CMErussia.com.

12. Defendant Ludmila Alexandrova ("Alexandrova") is an individual with a claimed address at Parkovaa 11/79, Balashiha, Moskovski 105173, Russian Federation, and is associated with the email addresses cmetre.adv@gmail.com and cmeg.group@gmail.com. Alexandrova registered the domain name <CMEtre.com>,

which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademarks and the name CME. The website for this domain name contains copyrighted content copied from CME Group's actual website at www.cmegroup.com and is identical to the website now at www.CMErussia.com.

13.     Defendant Viktor Kochin ("Kochin") is an individual that likely resides in either Russia or Norway, and is associated with the email address cmegroupru.com@wix-domains.com. Kochin registered the domain name <CMEgroupru.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® and CME GROUP® trademarks and the names CME and CME Group. The website for this domain name contains copyrighted content from CME Group's actual website at www.cmegroup.com and links to, and is nearly identical to, the website now at www.CMErussia.com.

14.     Defendant Legato LLC is a Russian company with a principal place of business at Moskovskoe shosse 17, Floor 21, Samara, Samara 443013, Russian Federation, and is associated with the email address reg@legato.name. Legato is a related entity to Defendant Regtime Ltd. Defendant Legato registered the domain name <CMErepresentation.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademarks and the CME name. The website for this domain name contains copyrighted content from CME Group's actual website at www.cmegroup.com. Upon information and belief, Defendant Legato, and/or someone working in concert with it or at its direction, also registered the domain name <CME-official.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademarks and the CME name. The website for this domain name

contains copyrighted content from CME Group's actual website at www.cmegroup.com and is identical to the website at www.CMErepresentation.com.

15.     Defendant OVH SAS is a French company with a principal place of business at 2 rue Kellermann, 59100 Roubaix France ("OVH"). OVH is an Internet Service Provider ("ISP") that provides website hosting services and/or related services for the websites at www.CMEgroupcenter.com and www.CMEgroupcenters.com.

16.     Defendant EuroByte LLC is a Russian company with a principal place of business at Lyublinskaya str, 42, office L-507, 109387 Moscow, Russian Federation ("EuroByte"). EuroByte is an ISP that provides website hosting services and/or related services for the websites at www.CMErussia.com, www.CMEtre.com, and www.CME-official.com.

17.     Defendant Masterhost LLC is a Russian company with a principal place of business at 2nd Yuzhnoportovy passage, house 18, building 2, 115088 Moscow, Russian Federation ("Masterhost"). Masterhost is an ISP that provides website hosting services and/or related services for the website at www.CMErepresentation.com.

18.     Defendant Wix.com Ltd. is an Israeli company with a principal place of business at 40 Namal Tel Aviv St., Tel Aviv, Israel 6701101 ("Wix"). Wix is a domain registrar for the domain name <CMEgroupru.com> and an ISP that provides website hosting, design, and/or related services for the websites at www.CMEgroupru.com.

19.     GoDaddy.com, LLC is a Delaware limited liability company with a principal place of business at 14455 N.  Hayden Rd., Suite 219, Scottsdale, Arizona 85260 ("GoDaddy"). GoDaddy is a domain registrar for the domain names <CMErussian.com>, <CMErussians.com>, <CMEgroupcenter.com>, and <CME-official.com>.

20.     Defendant Registrar of Domain Names REG.RU LLC is a Russian company with a principal place of business at 125252, Moscow, passage Berozovoy Roshchi, 12, floor 2, room 4, Russian Federation ("REG.RU"). REG.RU is a domain registrar for the domain names <CMErussia.com> and <CMEgroupcenters.com>.

21.     Defendant Regtime, Ltd. is a Russian company with a principal place of business at Moskovskoe shosse 17, Floor 21, Samara, Samara 443013, Russian Federation ("Regtime"). Regtime is a related entity to Defendant Legato. Defendant Regtime is a domain registrar for the domain <CMErepresentation.com>.

22.     Name.com, Inc. is a Nevada corporation with a principal place of business at 414 14th Street, Suite 200, Denver, Colorado 80202 ("Name.com"). Name.com is the domain registrar for the domain <CMEtre.com>.

23.     The true names and capacities, whether individual, corporate or otherwise, of Defendants Does 1-3 are unknown to CME Group, and therefore included in this action under fictitious names (collectively referred to as "DOES 1-3"). CME Group will amend its complaint to allege the true names and capacities of DOES 1-3 when the information has been ascertained. On information and belief, CME Group alleges that DOES 1-3 are responsible in some manner for the actions complained of herein and CME Group's damages alleged herein were previously caused by DOES 1-3.

24.     Defendants transact business in this District and have sufficient minimum contacts with the State of Illinois. Defendants have purposefully availed themselves of the benefits of doing business in Illinois by transacting business in Illinois, and can reasonably anticipate being hauled into court in Illinois.

25.     Defendant Nagovskiy registered the domain name <CMErussian.com>

7

and, along with Defendant Golub, operates the Internet website at www.CMErussian.com that is accessible by and targets residents of Illinois and this District. Defendant Nagovskiy intentionally uses, without authorization, in the domain name <CMErussian.com> and in the content of the website www.CMErussian.com, trademarks identical or confusingly similar to CME Group's registered CME® trademark and CME name, among other trademarks. Upon information and belief, Defendant Nagovskiy, and/or someone working in concert with him or at his direction, also registered the domain name <CMErussia.com>, and Defendants Nagovskiy and Golub and/or someone working in concert with them or at their direction, operate the Internet website at www.CMErussia.com that is accessible by and targets residents of Illinois and this District. Defendants Nagovskiy and Golub intentionally use, without authorization, in the domain name <CMErussia.com> and in the content of the website www.CMErussia.com, trademarks identical or confusingly similar to CME Group's registered CME® trademark and CME name, among other trademarks. Further, upon information and belief, Defendant Nagovskiy, and/or someone working in concert with him or at his direction, also registered the domain name <CMErussians.com>, which fully incorporates and is confusingly similar to CME Group's famous and registered CME® trademark and the name CME. The websites www.CMErussian.com and www.CMErussia.com have identical content and display, without authorization, the copyrighted materials copied from CME Group's website www.cmegroup.com. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

26. Defendant Chechurin registered the domain <CMEgroupcenter.com> and operates the Internet website at www.CMEgroupcenter.com that is accessible by and

targets residents of Illinois and this District. Defendant Chechurin intentionally uses, without authorization, in the domain name <CMEgroupcenter.com> and in the content of the website www.CMEgroupcenter.com, trademarks identical or confusingly similar to CME Group's registered CME® and CME GROUP® trademarks and CME and CME GROUP names, among other trademarks. Upon information and belief, Defendant Chechurin, and/or someone working in concert with him or at his direction, also registered the domain <CMEgroupcenters.com> and operates the Internet website at www.CMEgroupcenters.com that is accessible by and targets residents of Illinois and this District. Defendant Chechurin intentionally uses, without authorization, in the domain name <CMEgroupcenters.com> and in the content of the website www.CMEgroupcenters.com, trademarks identical or confusingly similar to CME Group's registered CME® and CME GROUP® trademarks and CME and CME GROUP names, among other trademarks. The websites www.CMEgroupcenter.com and www.CMEgroupcenters.com have identical content and also display, without authorization, the copyrighted materials copied from CME Group's website www.cmegroup.com. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

27.     Defendant Alexandrova registered the domain name <CMEtre.com> and operates the Internet website at www.CMEtre.com that is accessible by and targets residents of Illinois and this District. Defendant Alexandrova intentionally uses, without authorization, in the domain name <CMEtre.com> and in the content of the website www.CMEtre.com, trademarks identical or confusingly similar to CME Group's registered CME® trademark and CME name, among other trademarks. The website at

9

www.CMEtre.com also displays, without authorization, the copyrighted materials copied from CME Group's website www.cmegroup.com. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

28.    Defendant Kochin registered the domain name <CMEgroupru.com> and operates the Internet website at www.CMEgroupru.com that is accessible by and targets residents of Illinois and this District. Defendant Kochin intentionally uses, without authorization, in the domain name <CMEgroupru.com> and in the content of the website www.CMEgroupru.com, trademarks identical or confusingly similar to CME Group's registered CME® and CME GROUP® trademarks and the names CME and CME GROUP, among other trademarks. The website at www.CMEgroupru.com also displays, without authorization, the copyrighted materials copied from CME Group's website www.cmegroup.com. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

29.    Defendant Legato registered the domain name <CMErepresentation.com> and operates the Internet website at www.CMErepresentation.com that is accessible by and targets residents of Illinois and this District. Defendant Legato intentionally uses, without authorization, in the domain name <CMErepresentation.com> and in the content of the website www.CMErepresentation.com, trademarks identical or confusingly similar to CME Group's registered CME® trademark and CME name, among other trademarks. Upon information and belief, Defendant Legato, and/or someone working in concert with it or at its direction, also registered the domain name <CME-official.com>, and Defendant Legato and/or someone working in concert with it or at its direction, operates the Internet website at www.CME-official.com that is accessible by and targets residents of Illinois

and this District. Defendant Legato intentionally uses, without authorization, in the domain name <CME-official.com> and in the content of the website www.CME-official.com, trademarks identical or confusingly similar to CME Group's registered CME® trademark and CME name, among other trademarks. The websites www.CMErepresentation.com and www.CME-official.com have identical content and display, without authorization, the copyrighted materials copied from CME Group's website www.cmegroup.com. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

30.     Defendant OVH provides website hosting services, server space, and/or related services whereby OVH exercises control over the websites www.CMEgroupcenter.com and www.CMEgroupcenters.com that intentionally use, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® and CME GROUP® trademarks and CME and CME GROUP names, among other trademarks, and the copyrighted materials copied from CME Group's website www.cmegroup.com. The websites at www.CMEgroupcenter.com and www.CMEgroupcenters.com are accessible by and target residents of Illinois and this District. Also, OVH, either directly or through its US subsidiary OVH US LLC, likely has customers in the State of Illinois. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

31.     Defendant EuroByte provides website hosting services, server space, and/or related services whereby EuroByte exercises control over the websites www.CMErussia.com and www.CMEtre.com that intentionally use, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® trademark

and CME name, among other trademarks, and the copyrighted materials copied from CME Group's website www.cmegroup.com. The websites at www.CMErussia.com and www.CMEtre.com are accessible by and target residents of Illinois and this District. Also, EuroByte likely has customers in the State of Illinois. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

32.    Defendant Masterhost provides website hosting services, server space, and/or related services whereby Masterhost exercises control over the website www.CMErepresentation.com that intentionally uses, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® trademark and CME name, among other trademarks, and the copyrighted materials copied from CME Group's website www.cmegroup.com. The website at www.CMErepresentation.com is accessible by and targets residents of Illinois and this District. Also, Masterhost likely has customers in the State of Illinois. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

33.    Defendant Wix provides domain name registration services for the domain <CMEgroupru.com>, and website hosting services, design services, server space, and/or related services whereby Wix exercises control over the website www.CMEgroupru.com that intentionally uses, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® and CME GROUP® trademarks and CME and CME GROUP names, among other trademarks, and the copyrighted materials copied from CME Group's website www.cmegroup.com. The website at www.CMEgroupru.com is accessible by and targets residents of Illinois and this District. Also, Wix, either directly or through its US subsidiary Wix.com, Inc., likely has customers in the State of Illinois. As a

result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

34.     Defendant REG.RU provides domain name registration services for the domain names <CMErussia.com> and <CMEgroupcenters.com> that intentionally use, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® and/or CME GROUP® trademarks and CME and/or CME GROUP names. The associated websites www.CMErussia.com and www.CMEgroupcenters.com are accessible by and target residents of Illinois and this District. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

35.     Defendant Regtime provides domain name registration services for the domain name <CMErepresentation.com> that intentionally uses, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® trademarks and CME name. The associated website www.CMErepresentation.com is accessible by and targets residents of Illinois and this District. As a result, the harm felt by CME Group is most felt in Illinois – their residence for more than one hundred and fifty years.

36.     GoDaddy provides domain name registration services for the domain names <CMEgroupcenter.com>, <CMErussian.com>, <CMErussians.com>, and <CME-official.com> that intentionally use, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® and CME GROUP® trademarks and CME and CME GROUP names. After the filing of the original complaint and pursuant to a Temporary Restraining Order issued by the Court, GoDaddy transferred the <CMEgroupcenter.com> and <CMErussian.com> domain names to CME Group. The

website www.CME-official.com is accessible by and targets residents of Illinois and this District.

37.     Name.com provides domain name registration services for the domain name <CMEtre.com> that intentionally uses, without authorization, trademarks identical or confusingly similar to CME Group's registered CME® trademarks and CME name. The associated website www.CMEtre.com is accessible by and targets residents of Illinois and this District.

38.     Verisign, Inc. acts the domain name registry for domain name registrars for <.com> top-level domain names.

39.     In undertaking these deliberate acts, including all facts and allegations set forth below, which are incorporated herein by reference, Defendants had fair warning they may be called before an Illinois court in this District.

<div align="center">

**JURISDICTION AND VENUE**

</div>

40.     This Court has subject matter jurisdiction over CME Group's federal claims pursuant to the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), (c) and (d) and 17 U.S.C. § 101 *et seq.* This Court has supplemental jurisdiction over CME Group's state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

41.     This Court has personal jurisdiction over Defendants pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.*, and such an assertion is in accordance with the Due Process clause of the Fourteenth Amendment of the United States Constitution.

42.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because CME Group is doing business in this District, the claims arose in this

<div align="center">14</div>

District, and a substantial part of the events giving rise to the claims occurred in this District. Moreover, Defendants transact business in this District, have committed tortious acts in this District, and have engaged in activities that subject them to the jurisdiction of this Court. Finally, because Defendants are subject to personal jurisdiction in this District, venue is proper in this District.

43.  Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this Division.

### CME GROUP'S LONG AND DISTINGUISHED HISTORY

44.  CME Group is the world's largest and most diverse financial exchange with a history dating back to 1848. CME Group offers futures and options in all major asset classes, such as metals, commodities, foreign exchange, energy, weather, interest rates, equity indexes and other products through four exchanges: CME or Chicago Mercantile Exchange, CBOT or Chicago Board of Trade, COMEX or Commodity Exchange, and NYMEX or New York Mercantile Exchange.

45.  For decades, CME Group has been a leader in the financial services industry and earned its place as a trustworthy provider of cutting-edge financial products and services. Through its strong leadership and innovation, CME Group has become an iconic company in the financial industry and a key part of the world financial markets.

46.  In 1848, CBOT created the world's first futures exchange. Originally founded in 1898, CME began using the CME name in 1919. CME and CBOT officially merged to form CME Group in 2007, creating the world's leading and most diverse

derivatives marketplace.

47.     COMEX was founded in 1963 as a gold futures and options exchange and eventually was acquired by NYMEX, which was first established in 1980. NYMEX focuses on energy and metals trading.

48.     In 2008, CME Group acquired NYMEX, adding energy and metals to its wide array of product offerings.

49.     Since long prior to the acts of Defendants complained of herein, CME Group has continuously used the names CME, NYMEX, CBOT, COMEX, E-MINI, GLOBEX and PIVOT (among others) in connection with financial-related services. As a result, for more than one hundred and fifty years, traders, financial institutions, investors, corporations and governments have come to rely upon and trust CME Group for their financial and risk management services.

50.     CME Group has traditionally operated as a live, open-outcry trading exchange. After leading the industry in open-outcry trading, CME Group championed the idea of electronic trading of futures and options through their GLOBEX® trading platform, which allows futures and options to be traded around the world and almost around the clock. The GLOBEX platform was launched in 1992 and was the world's first electronic futures trading platform. Electronic trading is now conducted around the world and almost around the clock to trade products in all major asset classes. Some products electronically traded through CME Group's exchanges include interest rates, equity indexes, weather, foreign exchange (foreign currency), cattle, pork and cheese, to name a few.

51.     CME Group's operations now extend globally with offices in the U.S., Canada, Brazil, United Kingdom, Ireland, Singapore, Hong Kong, Korea, Japan, China,

and India. CME Group's customers are located around the globe and the GLOBEX® electronic trading platform can be accessed from more than 150 countries.

52.     In addition, CME Group offers financial market data services, ranging from live and delayed quotes to market reports and historical data. For example, CME Group offers delayed and live quotes and charts on trading volumes, prices, including historical trading data. Such market data is often critical to the trading activities of users of the CME Group exchanges regarding the variety of individual products traded on the exchanges.

53.     CME Group also maintains an active Internet presence and maintains Internet websites at domain names incorporating its CME® and CME GROUP® marks. The domain name www.cme.com was originally registered in 1994 and is still active and redirects users to CME Group's homepage at www.cmegroup.com, which has been owned by CME Group since 2007.

54.     The website at www.cmegroup.com ("CME Group Website") serves as a primary marketing tool for CME Group and as a primary point of communication between CME Group and its customers. Not only do CME Group's current and prospective customers, partners and financial market participants rely upon the CME Group Website to obtain key information, download various marketing pieces, and access CME Group's software and technology applications, but the site is accessed and used by these customers each and every day. A recent screenshot of the genuine CME Group Website is shown below:



55.     The upper right-hand corner of the CME Group Website contains a "Login" button for registered users to access a multitude of CME Group applications. Because eighty-nine percent (89%) of trading at CME Group is electronic, customers rely upon the CME Group Website as their primary interface with CME Group to access tools and resources, such as logging into their accounts to review licensed market data, downloading CME Group software, managing their overall account, and contacting CME Group customer service.

56.     The CME Group Website is wholly original and copyrightable subject matter that is protected by copyright laws, and portions of this copyrighted material are attached as Exhibit A (collectively, "Copyrighted Materials").  On December 20, 2012, CME Group filed a U.S. Copyright Application for some of these Copyrighted Materials and complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright.  The U.S. Register of Copyrights granted CME Group Certificate of Registration No. VA 1-847-974 for "Cmegroup.com" effective December 21, 2012.

57.    On April 21, 2016, CME Group filed a U.S. Copyright Application for other portions of the Copyrighted Materials and complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright. The U.S. Register of Copyrights granted CME Group Certificate of Registration No. VA 2-004-052.

58.    On February 28, 2019, CME Group filed two U.S. Copyright Applications for more recent portions of the Copyrighted Materials and complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright. The U.S. Register of Copyrights granted CME Group Certificates of Registration Nos. VA 2-140-165 and VA 2-140-166 (collectively, Reg. Nos. VA 1-847-974, VA 2-004-052, VA 2-140-165, and VA 2-140-166 are referred to as the "Copyright Registrations"). True and correct copies of the Copyright Registrations are attached hereto as Exhibit B. At all relevant times, CME Group has been and still is the sole proprietor of all rights, title and interest in and to the copyright in the Copyrighted Materials.

59.    CME Group placed a copyright notice presently stating "© 2019 CME Group Inc.  All rights reserved." ("Copyright Notice") and contact information for CME Group, including physical addresses and phone numbers ("Contact Information") on the CME Copyrighted Materials. This Copyright Notice and the Contact Information constitute CME copyright management information.

### CME GROUP'S STRONG AND FAMOUS TRADEMARKS

60.    CME Group owns extensive common law rights in its family of CME trademarks, including but not limited to such trademarks as CME and CME GROUP and other trademarks such as  , CBOT, NYMEX, COMEX,  , CME

CLEARPORT, CLEARPORT, E-MINI, CME GLOBEX, GLOBEX, CME DIRECT, CME STP, CME PIVOT, PIVOT, CME DATAMINE, CHICAGO MERCANTILE EXCHANGE, CHICAGO BOARD OF TRADE, NEW YORK MERCANTILE EXCHANGE, and others in connection with a wide variety of financial-related goods and services, including computer software, financial exchange and financial trading services, financial clearing services, financial information services, market data services, risk management services, and financial trading platforms and related financial/investment services. Since first using the CME mark one hundred years ago in 1919, CME has adopted and used numerous CME-formative marks in connection with these services.

61. CME Group also owns the following United States Trademark Registrations for its family of CME and CME-formative marks, all of which are legally and validly registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") (collectively, "CME Registrations"):

| Mark | Reg. No. | International Class(es) | Status |
|------|----------|------------------------|--------|
| CME® | 1,085,681 | 36 | Incontestable |
| CME® | 3,084,640 | 9 & 42 | Incontestable |
| CME GROUP® | 3,367,684 | 36 | Incontestable |
| cme Chicago Mercantile Exchange ® | 3,075,976 | 9 & 42 | Incontestable |
| cme Chicago Mercantile Exchange ® | 2,991,670 | 36 | Incontestable |
| CME ILINK® | 2,831,871 | 36 | Incontestable |
| CME E-MINI® | 2,969,966 | 36 | Incontestable |
| CME LEAN HOG INDEX® | 2,973,035 | 36 | Incontestable |
| CME FEEDER CATTLE INDEX® | 2,990,297 | 36 | Incontestable |
| CME DATAMINE® | 3,352,992 | 36 | Incontestable |
| CME HURRICANE INDEX® | 3,766,454 | 36 | Incontestable |
| CME DATAPOINT® | 4,130,632 | 36 | Incontestable |
| CMECE® | 4,060,843 | 36 | Incontestable |
| CME CLEARING EUROPE® | 4,035,463 | 36 | Incontestable |
| CME GLOBEX® | 3,193,924 | 36 | Incontestable |

| | | | |
|---|---|---|---|
| CME DATACLOUD® | 4,254,542 | 36 | Registered |
| CME CORE® | 4,472,606 | 42 | Registered |
| CME DIRECT® | 4,358,467 | 9, 36 & 42 | Registered |
| CME GROUP® | 4,544,078 | 9, 36 & 42 | Registered |
| CME Group ® | 4,544,077 | 9, 36 & 42 | Registered |
| CME CLEARPORT® | 4,535,988 | 9, 36 & 42 | Registered |
| CME GLINK® | 4,343,012 | 38 | Registered |
| CME DIRECT MESSENGER® | 4,433,547 | 42 | Registered |
| CME STP® | 4,851,862 | 36 and 42 | Registered |
| CME DIRECT MOBILE® | 5,218,706 | 9 | Registered |
| CME EUROPE® | 5,370,376 | 36 & 42 | Registered |
| CME GROUP FOUNDATION ® | 4,961,334 | 36 | Registered |
| CME MESSENGER® | 5,023,757 | 9 & 42 | Registered |
| CME PIVOT® | 5,376,163 | 9, 35, 38 & 42 | Registered |
| CME FX$INDEX® | 5,211,897 | 36 | Registered |

Copies of the Certificates of Registration and USPTO Trademark Status and Document

Retrieval ("TSDR") printouts for these CME Registrations are attached as Exhibit C.

62. CME Group also owns the following United States Trademark Registrations

for the marks CBOT, NYMEX, COMEX, , CLEARPORT, GLOBEX, CHICAGO

MERCANTILE EXCHANGE, E-MINI, PIVOT, CHICAGO BOARD OF TRADE and NEW

YORK MERCANTILE EXCHANGE, among other marks and registrations, all of which are

legally and validly registered on the Principal Register of the USPTO (collectively,

"Registrations"):

| Mark | Reg. No. | International Class(es) | Status |
|---|---|---|---|
| CBOT® | 1,716,422 | 36 | Incontestable |
| CHICAGO BOARD OF TRADE® | 2,403,561 | 36 | Incontestable |
| NYMEX® | 1,731,593 | 36 | Incontestable |
| NYMEX® | 2,656,475 | 36 | Incontestable |
| NYMEX® | 3,436,974 | 36 | Incontestable |
| NEW YORK MERCANTILE EXCHANGE® | 1,775,460 | 36 | Incontestable |
| NEW YORK MERCANTILE EXCHANGE® | 1,847,455 | 36 | Incontestable |
| NEW YORK MERCANTILE | 2,713,052 | 36 | Incontestable |

| | | | |
|---|---|---|---|
| EXCHANGE® | | | |
| COMEX® | 1,036,378 | 36 | Incontestable |
| COMEX® | 5,483,800 | 36 | Registered |
| ® | 1,303,096 | 36 | Incontestable |
| ® | 4,369,249 | 9, 36 & 42 | Registered |
| CLEARPORT® | 3,388,102 | 9, 36 & 42 | Incontestable |
| GLOBEX® | 1,576,888 | 41 | Incontestable |
| GLOBEX® | 2,448,961 | 36 | Incontestable |
| GLOBEX® | 4,684,887 | 36 | Registered |
| GLOBEX® | 5,166,758 | 9 | Registered |
| CHICAGO MERCANTILE EXCHANGE® | 1,085,682 | 36 | Incontestable |
| E-MINI® | 2,969,965 | 36 | Incontestable |
| PIVOT® | 3,569,041 | 9, 35, 38 & 42 | Incontestable |

Copies of the Certificates of Registration and USPTO TSDR printouts for these registrations are attached as Exhibit D.

63.    CME Group's federal registrations for CME®, CME GROUP®, CBOT®, NYMEX®, COMEX®, CME ILINK®, CME E-MINI®, E-MINI®, CME LEAN HOG INDEX®, CME HURRICANE INDEX®, CME DATAPOINT®, CMECE®, CME CLEARING EUROPE®, CME DATAMINE®, CME GLOBEX®, CME FEEDER CATTLE INDEX®, CLEARPORT®, CME GLOBEX®, GLOBEX®, ®, CHICAGO MERCANTILE EXCHANGE®, CHICAGO BOARD OF TRADE®, NEW YORK MERCANTILE EXCHANGE® and PIVOT® (among other trademarks), are incontestable under 15 U.S.C. § 1065.  CME Group's incontestable registrations are conclusive evidence of the validity of the marks listed in the registrations, CME Group's ownership of the marks, and CME Group's exclusive right to use the marks in commerce in connection with the identified goods and services. 15 U.S.C. § 1115(b).

64. CME Group also owns the following pending United States trademark applications, which were legally and validly filed with the USPTO (collectively, the "CME Applications"):

| Mark | Ser. No. | International Class(es) | Status |
|---|---|---|---|
| CME FX LINK | 87/689,907 | 36 | Allowed |
| CME FX SPOT | 87/155,844 | 9, 36 & 42 | Allowed |
| CME CLEARCHAIN | 87/141,695 | 9, 35, 36 & 42 | Allowed |
| E-MINI | 87/593,364 | 36 | Allowed |
| CME | 88/087,268 | 36 | Filed |
| CME DATAMINE | 87/749,572 | 42 | Allowed |
| CME MARKET SENTIMENT METER | 87/954,026 | 9, 36 & 42 | Filed |
| CME OIS | 87/953,899 | 36 | Filed |
| CME SOFR | 87/953,901 | 36 | Filed |
| CME ULTRA | 87/953,897 | 36 | Filed |
| CME VIRTUAL HUB | 87/953,895 | 42 | Filed |
| CME VIRTUAL HUB | 87/953,893 | 38 | Filed |

Copies of the current USPTO TSDR printouts for the CME Applications are attached as Exhibit E.

65. In addition, CME Group owns foreign trademark registrations for the CME GROUP® trademark in more than fifteen jurisdictions, including but not limited to Russia, Argentina, Australia, Brazil, Canada, China, European Union, Hong Kong, India, Japan, Korea, Macau, Malaysia, Mexico, the Philippines, Singapore, and the United Kingdom. These registrations are valid, subsisting and in full force and effect. All of these marks have been registered since long prior to the acts of Defendants complained herein.

66. The marks reflected in the CME Registrations, Registrations, and CME Applications together with CME Group's extensive common law rights are hereinafter referred to as the "CME Marks."

67. CME Group uses the CME Marks in advertising, marketing and promotional materials on a nationwide and worldwide basis through various media, including but not

limited to, the Internet, newspapers, direct mail and trade magazines. The success of CME Group's financial and risk management related services is due, in part, to the extensive promotion and advertising they have undertaken for the CME Marks. CME Group annually spends millions of dollars on advertising, marketing and promotional efforts for the CME Marks.

68.     CME Group's extensive use and advertising of the CME Marks has resulted in consumer recognition that the CME Marks identify CME Group as the source of premier financial exchange services, financial information and market data services, risk management services, and trading platform-related goods and services. The CME Marks are assets of incalculable value and identifiers of CME Group goods and services, and goodwill.

69.     The CME Marks are inherently distinctive and well-known for CME Group's goods and services, and valuable consumer goodwill exists in the CME Marks. Such goodwill was generated long before Defendants' adoption and use of the marks identical or confusingly similar to the CME Marks.

70.     The CME Marks symbolize an exceptional level of quality, reliability and trustworthiness, which are crucial qualities in the financial trading and market data services fields. More importantly, CME Group's customers place significant trust in CME Group to safeguard their personal information, account information, and money.

71.     Because the CME® and CME GROUP® trademarks have become distinctive and famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), they are entitled a broad scope of protection.

**DEFENDANTS' INFRINGING CONDUCT IN VIOLATION OF CME GROUP'S
CME MARKS AND COPYRIGHTS**

72. On February 5, 2019, despite constructive and actual knowledge of CME Group's prior rights to the CME Marks, Defendant Nagovskiy registered or caused to be registered the domain name <CMErussian.com> ("CMErussian Domain Name"). A true and correct printout showing WHOIS registration details for the CMErussian Domain Name is attached as Exhibit F.

73. Defendants Nagovskiy and Golub subsequently set up the website www.CMErussian.com ("CMErussian Counterfeit Website") which is almost identical to the authentic CME Group Website, but it is partially translated to Russian. A true and correct printout of correspondence from counsel for Webzilla B.V., the ISP for the CMErussian Counterfeit Website, identifying Defendant Golub as an operator of the CMErussian Counterfeit Website is attached as Exhibit G. GoDaddy provided domain name registration services and/or related services for this domain. A printout of the CMErussian Counterfeit Website is attached as Exhibit H. A screenshot of a single page of the CMErussian Counterfeit Website, translated from its original language of Russian to English, is shown below:





74.     Upon information and belief, Defendant Nagovskiy, through Defendant

REG.RU, also registered or caused to be registered the domain name <CMErussia.com>

("CMErussia Domain Name") on March 14, 2019, despite constructive and actual

knowledge of CME Group's prior rights to the CME Marks. A true and correct printout

showing WHOIS registration details for the CMErussia Domain Name is attached as Exhibit I. Upon information and belief, Defendants Nagovskiy and Golub subsequently set up the website www.CMErussia.com ("CMErussia Counterfeit Website") which is almost identical to the authentic CME Group Website, but it is partially translated to Russian, and is identical to the CMErussian Counterfeit Website, shown in Paragraph 72 above, including identical or substantially similar source code. Defendants REG.RU and EuroByte assisted Defendants Nagovskiy and/or Golub in such conduct by providing domain name registration and website hosting services, server space and/or related services. A printout of the CMErussia Counterfeit Website is attached as Exhibit J. Although the domain name registrant information for the CMErussia Domain Name is privacy protected, CME Group has a reasonable belief that Defendant Nagovskiy and/or Defendant Golub, or those acting in concert with them or at their direction, including Defendants Chechurin, Alexandrova, and/or Does 1-3, is the actual registrant of the CMErussia Domain Name.

75.    While the domain name registrant information for the CMErussia Domain Name is privacy protected, the CMErussia Domain Name is nearly identical to Defendant Nagovskiy's previously registered CMErussian Domain Name, and the CMErussia Counterfeit Website is identical to Defendants Nagovskiy's and Golub's CMErussian Counterfeit Website, including identical or substantially similar source code.

76.    On October 25, 2018, despite constructive and actual knowledge of CME Group's prior rights to the CME Marks, Defendant Chechurin registered or caused to be registered the domain name <CMEgroupcenter.com> ("CMEgroupcenter Domain Name") via GoDaddy.  A true and correct printout showing WHOIS registration details for the

CMEgroupcenter Domain Name is attached as Exhibit K. Defendant Chechurin subsequently set up the website www.CMEgroupcenter.com ("CMEgroupcenter Counterfeit Website") which is almost identical to the authentic CME Group website, but it is partially translated to Russian. Defendant OVH assisted Defendant Chechurin in such conduct by providing website hosting services, server space and/or related services. A printout of the CMEgroupcenter Counterfeit Website is attached as Exhibit L. A screenshot of a single page of the CMEgroupcenter Counterfeit Website, translated from its original language of Russian to English, is shown below:



77. On information and belief, Defendant Chechurin, through Defendant REG.RU, also registered or caused to be registered the domain name <CMEgroupcenters.com> ("CMEgroupcenters Domain Name") on March 14, 2019, despite constructive and actual knowledge of CME Group's prior rights to the CME Marks. A true and correct printout showing WHOIS registration details for the CMEgroupcenters

Domain Name is attached as Exhibit M.

78.     On information and belief, Defendant Chechurin subsequently set up the website www.CMEgroupcenters.com ("CMEgroupcenters Counterfeit Website") which is almost identical to the authentic CME Group Website but it is partially translated to Russian, and is identical to the CMEgroupcenter Counterfeit Website, shown in Paragraph 75 above. Defendants REG.RU and OVH assisted Defendant Chechurin in such conduct by providing domain name registration and website hosting services, server space and/or related services. A printout of the CMEgroupcenters Counterfeit Website is attached as Exhibit N.

79.     While the domain name registrant information for the CMEgroupcenters Domain Name is privacy protected, the CMEgroupcenters Domain Name is nearly identical to Defendant Chechurin's CMEgroupcenter Domain Name, and the CMEgroupcenters Counterfeit Website is identical to Defendant Chechurin's CMEgroupcenter Counterfeit Website, including identical or substantially similar source code.

80.     On information and belief, Defendants Nagovskiy and/or Does 1-3 registered or caused to be registered the domain name <CMErussians.com> ("CMErussians Domain Name") through GoDaddy on March 13, 2019, despite constructive and actual knowledge of CME Group's prior rights to the CME Marks. A true and correct printout showing WHOIS registration details for the CMErussians Domain Name is attached as Exhibit O. On information and belief, the CMErussians Domain Name is not currently associated with any active website. The domain name registrant information is privacy protected, but the use of the same registrar, the time of the

registration and the registration of the nearly identical domain makes it reasonable to conclude that Defendant Nagovskiy and/or someone working in concert with him or at his direction registered this domain. GoDaddy provided domain name registration services, privacy protection services, and/or related services.

81. On March 23, 2019, despite constructive and actual knowledge of CME Group's prior rights to the CME Marks, Defendant Alexandrova registered, caused to be registered, or acquired the domain name <CMEtre.com> ("CMEtre Domain Name"). A true and correct printout showing WHOIS registration details for the CMEtre Domain Name is attached as Exhibit R, and a true and correct printout of correspondence from Name.com identifying Defendant Alexandrova as the registrant is attached as Exhibit S.

82. Upon information and belief, Defendant Alexandrova subsequently set up the website www.CMEtre.com ("CMEtre Counterfeit Website") which is almost identical to the authentic CME Group Website, but it is partially translated to Russian and is identical to the CMErussian Counterfeit Website, shown in Paragraph 72 above. Defendant EuroByte assisted Defendant Alexandrova in such conduct by providing website hosting services, server space and/or related services. A printout of the CMEtre Counterfeit Website is attached as Exhibit T.

83. On June 29, 2019, despite constructive and actual knowledge of CME Group's prior rights to the CME Marks, Defendant Kochin, through Defendant Wix, registered or caused to be registered the domain name <CMEgroupru.com> ("CMEgroupru Domain Name"). A true and correct printout showing WHOIS registration details for the CMEgroupru Domain Name is attached as Exhibit U. Defendant Kochin subsequently set up the website www.CMEgroupru.com ("CMEgroupru Counterfeit

30

Website") which is almost identical to the authentic CME Group Website, but it is partially translated to Russian. The CMEgroupru Counterfeit Website links to the CMErussia Counterfeit Website, and lists the same address in Russia as the CMErussia Counterfeit Website. Defendant Wix assisted Defendant Kochin in such conduct by providing domain name registration and website hosting services, website design services, server space, and/or related services. A printout of the CMEgroupru Counterfeit Website is attached as Exhibit V. A screenshot of a single page of the CMEgroupru Counterfeit Website, translated from its original language of Russian to English, is shown below:



84. On July 23, 2019, despite constructive and actual knowledge of CME

Group's prior rights to the CME Marks, Defendant Legato, through Defendant Regtime, registered or caused to be registered the domain name <CMErepresentation.com> ("CMErepresentation Domain Name"). A true and correct printout showing WHOIS registration details for the CMErepresentation Domain Name is attached as Exhibit W. Defendant Legato subsequently set up the website www.CMErepresentation.com ("CMErepresentation Counterfeit Website") which is almost identical to the authentic CME Group Website, but it is partially translated to Russian, and is identical to the CMErussian Counterfeit Website, shown in Paragraph 72 above, including identical or substantially similar source code. Defendants Regtime and Masterhost assisted Defendant Legato in such conduct by providing domain name registration and website hosting services, server space, and/or related services. A printout of the CMErepresentation Counterfeit Website is attached as Exhibit X.

85.     On information and belief, Defendant Legato also registered or caused to be registered the domain name <CME-official.com> ("CME-official Domain Name") on July 23, 2019, through GoDaddy, despite constructive and actual knowledge of CME Group's prior rights to the CME Marks. A true and correct printout showing WHOIS registration details for the CME-official Domain Name is attached as Exhibit Y. On information and belief, Defendant Legato subsequently set up the website www.CME-official.com ("CME-official Counterfeit Website") which is almost identical to the authentic CME Group Website, but it is partially translated to Russian, and is identical to the CMErussian Counterfeit Website, shown in Paragraph 72 above, including identical or substantially similar source code. Defendant EuroByte assisted Defendant Legato in such conduct by providing website hosting services, server space, and/or related services. A

printout of the CME-official Counterfeit Website is attached as Exhibit Z.

86.    Although the domain name registrant information for the CME-official Domain Name is privacy protected, CME Group has a reasonable belief that Defendant Legato and/or those acting in concert with it or at it direction, including Defendants Nagovskiy, Chechurin, Golub, Alexandrova, and/or Does 1-3, is the actual registrant of the CME-official Domain Name. In particular, the CME-official Domain Name registered on the same date as the CMErepresentation Domain Name, and the CME-official Counterfeit Website is identical to the CMErussian Counterfeit Website, CMEtre Counterfeit Website, and CMErepresentation Counterfeit Website, including identical or substantially similar source code.

87.    At first glance, the CMErussian Counterfeit Website, CMErussia Counterfeit Website, CMEgroupcenter Counterfeit Website, CMEgroupcenters Counterfeit Website, CMEtre Counterfeit Website, CMEgrouppru Counterfeit Website, CMErepresentation Counterfeit Website, and the CME-official Counterfeit Website (collectively, the "Counterfeit Websites") appear to be affiliated with CME Group, since they are nearly identical to the CME Group Website, only partially presented in the Russian language. Moreover, the Counterfeit Websites directly copy and use or link to the English version of the Global Offices page from CME Group's genuine website.

88.    The Counterfeit Websites use the same website layout, contain the same and substantially similar website source code, and include the same or similar login and registration pages. Also, the Counterfeit Websites are likely used in connection with a financial scheme to defraud potential and existing CME Group customers, resulting in financial losses to such individuals. The only difference between the Counterfeit Websites

is that they copied images from the CME Group Website at different points in time.

89.   In addition, the CMErussia Domain Name and the CMEgroupcenters Domain Name were registered on the same day and through the same domain registrar, Defendant REG.RU, the CMErepresentation Domain Name and CME-official Domain Name were also registered on the same day, and the CMEtre Counterfeit Website is hosted by the same ISP as the CMErussia Counterfeit Website, among multiple other connections and links between the domain names and Counterfeit Websites. Therefore, it is reasonable to conclude that the Counterfeit Websites are connected and that Defendants Chechurin, Golub, Nagovskiy, Alexandrova, Kochin, and Legato are working together as part of this scheme, and the Defendants OVH, EuroByte, REG.RU, Wix, Regtime, and Masterhost are providing domain name registration, webhosting, web design, server space, and/or related services in furtherance of this scheme.

90.   At some time prior to or concurrent with the creation of the Counterfeit Websites, Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, and Legato obtained an unauthorized and illegal copy of the CME Copyrighted Materials. Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, and Legato then intentionally removed, or caused to be removed, the CME Contact Information from the aforesaid CME Copyrighted Materials, and replaced the contact information with a Russian location in an attempt to establish credibility for the Counterfeit Websites.

91.   Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, and Legato then intentionally posted, or caused to be posted, the CME Copyrighted Materials, bearing the intentionally removed and altered CME Contact Information to the Russian contact information, on the Counterfeit Websites.

92.     Even cursory reviews of the Counterfeit Websites show that they are an attempt to recreate the legitimate CME Group Website in the Russian language, thereby luring visitors into believing they are dealing with CME Group, when they are not. Specifically, the Counterfeit Websites prominently use the CME GROUP logo in the upper left-hand corner and use the registered CME, CME GROUP, and Globe Design (among other marks), all without authorization. Moreover, Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, and Legato blatantly copied Copyrighted Materials from the CME Group Website and display this content at the Counterfeit Websites. The entire focus of the Counterfeit Websites is on financial services, the exact services described in the relevant CME Registrations.

93.     To give the appearance of legitimacy, the Counterfeit Websites also copied – nearly verbatim – portions of articles and sub-menus from the CME Group Website. The Counterfeit Websites also contain the following copyright notices: "© 2018 CME Group Inc. All rights reserved," and "© 2019 CME Group Inc. All rights reserved," which are nearly identical to the Copyright Notice at the genuine CME Group Website. These acts only serve to affirm in the minds of unsuspecting customers that they are at the CME Group Website, when they are not.

94.     In an attempt to further attract visitors to the sites, most of the Counterfeit Websites include copied source code and the following meta-tag description and keywords from the CME Group Website: "*CME Group is the world's leading and most diverse derivatives marketplace offering the widest range of futures and options products for risk management*" and "*cme group, cme, cbot, nymex, manage risk, risk management, futures exchange, futures trading, trade futures, commodity/commodities exchange,*

*derivatives trading, derivatives exchange, futures markets, futures and options trading, options exchange, commodity options, commodity future trading, commodity markets, chicago mercantile exchange, chicago board of trade, new york mercantile exchange.*"

95. Below is a side-by-side comparison of portions of the genuine CME Group Website (left) and the Counterfeit Websites (right), translated from their original language of Russian to English. Attached as Exhibit P is a chart showing substantial similarities between the CME Group Website, CMEgroupcenter Counterfeit Website, and CMEgroupcenters Counterfeit Website. Attached as Exhibit Q is a chart showing substantial similarities between the CME Group Website, CMErussian Counterfeit Website, and CMErussia Counterfeit Website. Attached as Exhibit AA is a chart showing substantial similarities between the CME Group Website and the CMEtre Counterfeit Website. Attached as Exhibit AB is a chart showing substantial similarities between the CME Group Website and the CMEgroupru Counterfeit Website. Attached as Exhibit AC is a chart showing substantial similarities between the CME Group Website and the CMErepresentation Counterfeit Website and the CME-official Counterfeit Website.

**CME Group Website**

**CMEgroupcenter Counterfeit Website & CMEgroupcenters Counterfeit Website**



https://web.archive.org/web/20181009175719/https://www.cmegroup.com/

https://cmegroupcenter.com/
https://cmegroupcenters.com/







| CME Group logo used on top left corner, CME's website Oct. 10, 2018 | Infringing copy of CME Group logo used on top left corner, cmegroupcenter.com and cmegroupcenters.com |
|---|---|
| CME Group<br>https://web.archive.org/web/20181009175719/https://www.cmegroup.com/ | CME Group<br>https://cmegroupcenter.com/<br>https://cmegroupcenters.com/ |
| **Subscription Center Section on CME's website home screen**<br><br><br>https://web.archive.org/web/20181009175719/https://www.cmegroup.com/ | **Contact information section in Russian**<br><br><br>https://cmegroupcenter.com/<br>https://cmegroupcenters.com/ |

| CME Group Website | CMErussian Counterfeit Website, CMErussia Counterfeit Website, CMEtre Counterfeit Website, CMErepresentation Counterfeit Website, CME-official Counterfeit Website |
|---|---|
| **Corporate logo on original website, used on top left corner**<br>CME Group<br>https://www.cmegroup.com/ | **Infringing copy of CME Group logo used on top left corner**<br>CME Group |
| **CME Group Subscription Center**<br><br><br>https://www.cmegroup.com/ | **Counterfeit Website Subscription Center (translated)**<br><br> |
| World Map with CME's corporate logo used as pins locating CME offices around the world. | World Map used on counterfeited websites |

https://www.cmegroup.com/company/history/global-offices.html

**CME Website from February 4, 2019**   **Counterfeit Websites**

https://web.archive.org/web/20190205042337/https://www.cmegroup.com/

96.     More importantly, the top right of the homepages of the CMEgroupcenter Counterfeit Website, CMEgroupcenters Counterfeit Website, CMErussian Counterfeit Website, CMErussia Counterfeit Website, CMEtre Counterfeit Website, CMErepresentation Counterfeit Website provide the Login Links. Upon clicking the "Войти" link — the Russian word for "login" — the user arrives at a page requiring the user's email address and password. Upon clicking the "Регистрация" link—the Russian word for "register" — the user arrives at a page that requests personal information such as the user's full name, email, phone number, Skype name, password, password confirmation, payment system (i.e., PerfectMoney, AdvancedCash, Payeer, and cryptocurrencies), requisites, and identity code of the inviter. As to the CMEgroupru Counterfeit Website, it provides a link to "book" or "get acquainted with the company." Upon clicking the link, the user arrives at a page that provides a schedule of investment offers. In order to "book a place for the trading session" (translated from Russian), users are required to provide personal information and payment details, such as an AdvancedCash number.

97.     Defendants had actual knowledge of CME Group's prior rights because Defendants registered the CMErussian Domain Name, CMErussians Domain Name, CMErussia Domain Name, CMEgroupcenter Domain Name, CMEgroupcenters Domain Name, CMEtre Domain Name, CMEgroupru Domain Name, CMErepresentation Domain Name, and the CME-official Domain Name (collectively, the "Infringing Domain Names"), and set up the Counterfeit Websites by reproducing and displaying Copyrighted Materials from the CME Group Website.

98.     Defendants had constructive notice of CME Group's ownership of the

federally registered rights to the CME Marks under 15 U.S.C. § 1072, at least as early as March 1976.

99.    CME Group never authorized, licensed or otherwise permitted Defendants to use or reproduce the CME Marks, any confusingly similar variation thereof, or to copy, reproduce, or create any derivative works incorporating the Copyrighted Materials.

100.    The Counterfeit Websites are used in connection with an illicit financial scheme whereby individuals are encouraged to invest money in the operation and they are lured by the promises of big returns, but their money is never returned. Individuals likely connected with Defendants are promoting the Counterfeit Websites via social media.

101.    Simply put, there is no legitimate reason or need for Defendants to use the CME Marks and Copyrighted Materials in this fashion. The only purpose in using such materials is to lure customers into believing they are visiting the legitimate and authentic CME Group Website, when they are not, thereby capturing customer information, including customers in the State of Illinois.

### DEFENDANTS' INTENTIONAL ACTIONS HAVE CAUSED EXTENSIVE HARM AND DAMAGE TO CME GROUP

102.    Defendants' willful actions are intentional and intended to trade on the reputation and goodwill of CME Group and the CME Marks. Defendants had actual knowledge and constructive notice of CME Group's ownership of the CME Marks and CME Group's ownership of Copyrighted Materials from the CME Group Website. Despite this, Defendants proceeded to willfully infringe upon CME Group's rights.

103.    By selecting and using marks that are identical or confusingly similar to the CME Marks in the Infringing Domain Names and on the Counterfeit Websites, Defendants

have caused substantial harm to CME Group in the State of Illinois knowing that such harm would be felt here.

104.    Defendants' use of the CME Marks is likely to mislead, deceive, and confuse the purchasing public and the trade. It is likely that consumers will mistakenly believe that Defendants are connected, associated or in some way affiliated with CME Group, when in fact no such connection, association or affiliation exists.

105.    Defendants had no legitimate reason or good faith basis to register and use the CME Marks in connection with the Infringing Domain Names. Defendants' bad faith use and registration of the Infringing Domain Names are intentional acts to trade off the goodwill and reputation of CME Group. Defendants' intent in registering the Infringing Domain Names and setting up the Counterfeit Websites was to profit from the goodwill and value associated with the CME Marks by causing harm to CME Group.

106.    Defendants' intent in operating the Counterfeit Websites is to steal the identities from individuals, destroying the trust CME Group has built over the last century.

107.    GoDaddy provides domain name registration services to Defendants Nagovskiy, Chechurin, Legato and/or Does 1-3 in connection with the CMEgroupcenter Domain Name, CMErussian Domain Name, CMErussians Domain Name, and CME-official Domain Name.

108.    Defendant REG.RU provides domain name registration services to Defendants Nagovskiy, Chechurin, and/or Does 1-3 in connection with the wrongful activities described above, or otherwise has control over the CMEgroupcenters Domain Name and CMErussia Domain Name.

109.    Name.com provides domain name registration services to Defendant

Alexandrova and/or Does 1-3 in connection with the CMEtre Domain Name.

110.    Defendant OVH provides Internet hosting services to Defendant Chechurin and/or Does 1-3 in connection with the wrongful activities described above, or otherwise has control over the CMEgroupcenter Counterfeit Website and CMEgroupcenters Counterfeit Website.

111.    Defendant EuroByte provides Internet hosting services to Defendants Nagovskiy, Alexandrova, Legato and/or Does 1-3 in connection with the wrongful activities described above, or otherwise has control over the CMErussia Counterfeit Website, CMEtre Counterfeit Website, and CME-official Counterfeit Website.

112.    Defendant Wix provides domain name registration and/or Internet hosting services to Defendant Kochin and/or Does 1-3 in connection with the wrongful activities described above, or otherwise has control over the CMEgrouppru Domain Name and CMEgrouppru Counterfeit Website.

113.    Defendant Regtime provides domain name registration services to Defendant Legato and/or Does 1-3 in connection with the wrongful activities described above, or otherwise has control over the CMErepresentation Domain Name.

114.    Defendant Masterhost provides Internet hosting services to Defendant Legato and/or Does 1-3 in connection with the wrongful activities described above, or otherwise has control over the CMErepresentation Counterfeit Website.

115.    Defendants' conduct causes damage and irreparable injury to CME Group, and to its goodwill and business reputation. As a direct and proximate result of Defendants' infringement and dilution of the CME Marks and infringement of CME Group's Copyrighted Materials, CME Group has suffered, and will continue to suffer,

irreparable harm, damages and economic injury. Defendants' acts are aggravated by the fact that Defendants are likely involved in an illegitimate financial scheme. The Counterfeit Websites are designed to defraud current or potential customers and attempt to steal their identities.

116. CME Group has no adequate remedy at law, and unless Defendants are restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to CME Group, and damage their goodwill and business reputation. CME Group cannot ascertain the precise amount of its damages at this time. CME Group has no ability to control the nature and quality of content provided under the CME Marks. Effectively, CME Group's stellar reputation and goodwill is placed in the hands of questionable third parties.

### COUNT I

#### FEDERAL TRADEMARK COUNTERFEITING
#### (REGISTERED MARKS)
#### 15 U.S.C. § 1114

117. As the first ground for relief, CME Group alleges violation of 15 U.S.C. § 1114. CME Group repeats and realleges the allegations of paragraphs 1 through 116, as though fully set forth herein.

118. CME Group owns exclusive rights in U.S. registrations for the CME, CME GROUP, , , CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CLEARPORT, CME CLEARPORT, E-MINI, CME PIVOT, PIVOT, CME DIRECT, and CME DATAMINE trademarks.

119. Defendants have knowledge of CME Group's rights in the CME, CME

GROUP,  ,  , CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CLEARPORT, CME CLEARPORT, E-MINI, CME PIVOT, PIVOT, CME DIRECT, and CME DATAMINE trademarks.

120.    Without CME Group's authorization or consent, Defendants, as alleged herein, registered the Infringing Domain Names and/or set up the Counterfeit Websites, which incorporate or use trademarks identical or substantially indistinguishable from the registered CME, CME GROUP,  ,  , CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CLEARPORT, CME CLEARPORT, E-MINI, CME PIVOT, PIVOT, CME DIRECT, and CME DATAMINE trademarks.

121.    Defendants offer and advertise financial-related services at the Counterfeit Websites identical to CME Group goods and services ("Counterfeit Services"). As a result, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

122.    Defendants' use, as alleged herein, of the marks identical or substantially indistinguishable from the registered CME, CME GROUP,  ,  , CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CLEARPORT, CME CLEARPORT, E-MINI, CME PIVOT, PIVOT, CME DIRECT, and CME DATAMINE trademarks in connection with identical services is likely to cause and is causing confusion, mistake and deception among consumers as to the origin of the Counterfeit Services, and is likely to deceive the public into believing the Counterfeit Services being offered and advertised by Defendants originate from, are associated with, or are otherwise authorized by CME Group, all to the damage and detriment of CME Group's reputation and goodwill.

123.    Defendants' acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

## COUNT II

### FEDERAL TRADEMARK INFRINGEMENT
### (REGISTERED MARKS)
### 15 U.S.C. § 1114(1)

124.    As the second ground for relief, CME Group alleges violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). CME Group repeats and realleges the allegations of paragraphs 1 through 123, as though fully set forth herein.

125.    As stated above, CME Group owns exclusive rights in the U.S. registrations for the CME Registrations and Registrations of which Defendants either had actual or constructive notice.

126.    Defendants' unauthorized and infringing use of the different CME Registrations and Registrations, as alleged herein, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' services by CME Group. The consuming public and the trade are likely to believe that Defendants' services originate with CME Group, are licensed, sponsored or approved by CME Group, or in some way connected with or related to CME Group, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

127.    Defendants' unauthorized and infringing use of the different CME Registrations and Registrations, as alleged herein, constitute intentional and willful infringement of CME Group's rights in and to their federally registered trademarks, as pled herein, in violation Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46

128.   These infringing acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

### COUNT III

### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)

129.   As the third ground for relief, CME Group alleges violation of the Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). CME Group repeats and realleges the allegations of paragraphs 1 through 128, as though fully set forth herein.

130.   As a result of the duration, extent, and geographic reach of CME Group's use of the CME and CME GROUP trademarks, and advertising and publicity associated with the CME and CME GROUP trademarks, the CME and CME GROUP trademarks have achieved an extensive degree of distinctiveness and are famous marks under the Lanham Act, 15 U.S.C. § 1125(c). The CME and CME GROUP trademarks are widely recognized by the consuming public as a designation of source of CME Group's goods and services.

131.   Defendants began using the marks identical or confusingly similar to the CME and CME GROUP trademarks, in interstate commerce, in connection with the Infringing Domain Names and Counterfeit Websites, long after the CME and CME GROUP trademarks became famous and distinctive.

132.   Defendants' use of the CME and CME GROUP trademarks dilutes, or is likely to dilute, by blurring the distinctive quality of CME Group's famous CME and CME GROUP trademarks and tarnishing the reputation of the CME and CME GROUP trademarks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

133.    These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

## COUNT IV

### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

134.    As the fourth ground for relief, CME Group alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). CME Group repeats and realleges the allegations of paragraphs 1 through 133, as though fully set forth herein.

135.    Defendants' unauthorized use of the different CME Marks, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes and represents the origin of Defendants' goods and services as originating from or being connected with CME Group, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection or association with CME Group, or as to the origin, sponsorship or approval of Defendants' goods and services by CME Group in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

136.    These acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

## COUNT V

### FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### 15 U.S.C. § 1125(d)

137.    As the fifth ground for relief, CME Group alleges violation of Section 43(d)

48

of the Lanham Act, 15 U.S.C. §1125(d). CME Group repeats and realleges the allegations of paragraphs 1 through 136, as though fully set forth herein.

138.    Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, and Does 1-3 registered, own and use the Infringing Domain Names <CMEgroupcenter.com>, <CMEgroupcenters.com>, <CMErussian.com>, <CMErussians.com>, <CMErussia.com>, <CMEtre.com>, <CMEgroupru.com>, <CMErepresentation.com>, and <CME-official.com>. Prior to registration of the Infringing Domain Names, the CME and CME GROUP trademarks had become famous and distinctive. The Infringing Domain Names are confusingly similar to and dilutive of the famous and registered CME and CME GROUP trademarks.

139.    Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, and Does 1-3 continue to own and use the Infringing Domain Names in a manner that is confusingly similar to and dilutive of the CME and CME GROUP trademarks.

140.    Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, and Does 1-3 registered and use the Infringing Domain Names with a bad faith intent to profit from the CME and CME GROUP trademarks, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

141.    These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

### COUNT VI

#### COPYRIGHT INFRINGEMENT
#### 17 U.S.C. § 101 *ET SEQ.*

142.    As the sixth ground for relief, CME Group alleges violation of the copyright

laws of the United States 17 U.S.C. § 101 *et seq.* CME Group repeats and realleges the allegations of paragraphs 1 through 141, as though fully set forth herein.

143.   The Copyrighted Materials contained at the website www.cmegroup.com are original works of authorship constituting copyrightable subject matter under the laws of the United States.

144.   CME Group owns exclusive and valid copyrights in and to the Copyrighted Materials, including the exclusive rights to reproduce, display and create derivative works based thereon. Specifically, CME Group owns U.S. Copyright Registrations for some of the Copyrighted Materials.

145.   CME Group has complied in all material respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, including the registration of such works.

146.   Without permission or CME Group's authorization, or right under law, Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 had access to and unlawfully reproduced and displayed Copyrighted Materials at the Counterfeit Websites in violation of the Copyright Act, 17 U.S.C. § 106.

147.   The foregoing acts of infringement by Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 have been willful, intentional and purposeful, in disregard of and indifferent to CME Group's rights.

148.   Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3's acts have caused, and unless

restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

### COUNT VII

#### VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
#### COPYRIGHT MANAGEMENT INFORMATION PROVISIONS
#### 17 U.S.C. § 1202 ET SEQ.

149.    As the seventh ground for relief, CME Group alleges violation of the Digital Millennium Copyright Act Copyright Management Information Provisions, 17 U.S.C. § 1202 *et seq.* CME Group repeats and realleges the allegations of paragraphs 1 through 148, as though fully set forth herein.

150.    The CME Copyright Notice and CME Contact Information constitutes CME Group's copyright management information, as defined in 17 U.S.C. § 1202(c).

151.    Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 intentionally removed and/or altered CME Group's copyright management information on the CME Copyrighted Materials, without authority from CME Group, or the law.

152.    Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 distributed, or imported for distribution, the CME Copyrighted Materials or copies of the CME Copyrighted Materials, knowing that the copyright management information had been altered and/or removed therefrom, without the authority of the CME Group, or the law.

153.    Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 knew, or, with respect to civil remedies under, had reasonable grounds to know, that their aforesaid actions would induce,

enable, facilitate, or conceal an infringement of CME Group's exclusive rights in the CME Copyrighted Materials.

154. Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 nevertheless took the aforesaid actions knowingly, and with the intent to induce, enable, facilitate, or conceal infringement of the CME Copyrighted Materials.

155. The aforesaid actions of Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 resulted in actual infringement of the CME Copyrighted Materials.

156. Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3's acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

## COUNT VIII

### ILLINOIS ANTI-PHISHING ACT
### 740 Ill. Comp. Stat. 7/1 *et seq.*

157. As the eighth ground for relief, CME Group alleges violation of the Illinois Anti-Phishing Act, 740 Ill. Comp. Stat. 7/1, *et seq.* CME Group repeats and realleges the allegations of paragraphs 1 through 156, as though fully set forth herein.

158. Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 represent themselves to be CME Group without the authority of CME Group and are soliciting, requesting or inducing, by means of the Counterfeit Websites or otherwise through use of the Internet, others to provide identifying information, including account passwords, in a violation of 740 Ill. Comp. Stat.

7/10.

159.    By virtue of CME Group's ownership of the Copyrighted Materials, including at www.cmegroup.com, and the CME Marks, CME Group is adversely affected by Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3's willful violations of this Act, pursuant to 740 Ill. Comp. Stat. 7/15.

160.    Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, OVH, EuroByte, Wix, Masterhost and Does 1-3's actions have caused, and will continue to cause unless restrained by this Court, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

### Count IX

**ILLINOIS DECEPTIVE TRADE PRACTICES**
**815 Ill. Comp. Stat. 510/1 *et seq.***

161.    As the ninth ground for relief, CME Group alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.*  CME Group repeats and realleges the allegations of paragraphs 1 through 160, as though fully set forth herein.

162.    Defendants' unauthorized use of the different CME Marks, as alleged herein, has caused, and is likely to cause in the future, a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation or connection of Defendants' and CME Group's businesses, inasmuch as it gives rise to the incorrect belief that Defendants' businesses have some connection with CME Group. These acts constitute deceptive trade practices in the course of Defendants' businesses in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.*

163.   These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

## COUNT X

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### 815 Ill. Comp. Stat. 505/1 *et seq.*

164.   As the tenth ground for relief, CME Group alleges violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*  CME Group repeats and realleges the allegations of paragraphs 1 through 163, as though fully set forth herein.

165.   Defendants unauthorized use of the CME Marks, as alleged herein, has caused, and is likely to cause in the future, a public injury and a detrimental effect on consumers as to the origin of Defendants' goods and services. These acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*

166.   These acts have caused, and will continue to cause unless restrained by this Court, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

## COUNT XI

### ILLINOIS COMMON LAW UNFAIR COMPETITION

167.   As the eleventh ground for relief, CME Group hereby alleges unfair competition under Illinois common law.  CME Group repeats and realleges the allegations of paragraphs 1 through 166, as though fully set forth herein.

168.    As a result of their actions complained of herein, Defendants have misappropriated valuable property rights of CME Group, have passed off their services as those of CME Group's, are trading off the goodwill symbolized by the different CME Marks, as alleged herein, and are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade.  These acts constitute unfair competition in violation of the common law of the State of Illinois.

169.    These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

## COUNT XII

### ILLINOIS TRADEMARK DILUTION

170.    As the twelfth ground for relief, CME Group hereby alleges dilution under the Illinois Anti-Dilution Act, 765 ILCS 1036/65.  CME Group repeats and realleges the allegations of paragraphs 1 through 169, as though fully set forth herein.

171.    As a result of the duration, extent, and geographic reach of CME Group's use of the CME and CME GROUP trademarks, and advertising and publicity associated with the CME and CME GROUP trademarks, the CME and CME GROUP trademarks have achieved an extensive degree of distinctiveness and are famous marks in Illinois. The CME and CME GROUP trademarks are widely recognized by the consuming public as designations of source of CME Group's goods and services.

172.    Defendants began using the marks identical or confusingly similar to the CME and CME GROUP trademarks in connection with the Infringing Domain Names and the Counterfeit Websites, long after the CME and CME GROUP trademarks became

famous and distinctive in Illinois.

173.    Defendants' use of the CME and CME GROUP marks dilutes, or is likely to dilute, by blurring the distinctive quality of CME Group's famous CME and CME GROUP trademarks under Illinois Anti-Dilution Act, 765 ILCS 1036/65.

174.    These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CME Group, for which CME Group has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, CME Group prays that this Court enter a judgment and order:

**AGAINST ALL DEFENDANTS:**

1.    That Defendants willfully violated Sections 32(1), 43(a), and 43(c) of the Lanham Act;

2.    That Defendants committed acts of unfair competition, deceptive business and trade practices, consumer fraud and deceptive business practices, and dilution under Illinois common and statutory law;

3.    That Defendants, and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

A.    Using the CME Marks, including but not limited to the marks CME,

CME, CME GROUP, , , CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CLEARPORT, CME CLEARPORT, E-MINI, CME PIVOT, PIVOT, CME DIRECT, CME

STP, CME DATAMINE, CHICAGO MERCANTILE EXCHANGE, CHICAGO BOARD OF TRADE, NEW YORK MERCANTILE EXCHANGE or any reproduction, counterfeit, copy, or colorable imitation thereof in any manner in connection with the sale, offering for sale, distribution, or advertising of any goods or services that are not genuine CME Group goods or services or not authorized by CME Group;

B.  Using any name, mark, or domain name that wholly incorporates the CME Marks or is confusingly similar to, including but not limited to any reproduction, counterfeit, copy or a colorable imitation of, the CME Marks;

C.  Registering, transferring, selling, owning or exercising control over any domain name that incorporates, in whole or in part, the CME Marks or anything confusingly similar thereto;

D.  Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with CME Group or its goods and services;

E.  Licensing or authorizing others to use the CME Marks or any confusingly similar mark;

F.  Injuring CME Group's business reputation and the goodwill associated with the CME Marks, and from otherwise unfairly competing with CME Group in any manner whatsoever;

G.  Passing off Defendants' goods or services as those of CME Group;

H.  Committing any acts which will blur or dilute, or are likely to blur or dilute the distinctive quality of the famous CME Marks;

I.  Reproducing and displaying the Copyrighted Materials;

J.  Violating any of the exclusive rights owned by CME Group in the Copyrighted Materials or any other materials in which CME Group owns copyright; and

K.  Otherwise infringing upon the copyrights owned by CME Group.

4.  That, pursuant to 15 U.S.C. § 1118, Defendants be required to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in the custody or under the control of Defendants that bear the CME Marks or any other mark that is likely to be confused with the CME Marks;

5.  That Defendants, and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be ordered to transfer ownership of the Infringing Domain Names and any other domain names under the control of Defendants, or their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, that incorporate, in whole or in part, the CME Marks or anything confusingly similar thereto, to CME Group;

6.  That the Court order that the domain name registrars Name.com and GoDaddy and domain name registrar Defendants REG.RU, Wix, and Regtime, within five (5) business days of the receipt of the Court's order, shall unlock and transfer ownership

58

of the Infringing Domain Names and any other domain names under the control of Defendants, or their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, that incorporate, in whole or in part, the CME Marks or anything confusingly similar thereto, to an account controlled by CME Group, and that the domain name registrars shall take any steps necessary to transfer the Infringing Domain Names and any other domain names to an account of CME Group's selection until further order by this Court;

7.     That the Court order that the domain name registries, including, but not limited to, Verisign, Inc., within five (5) business days of the receipt of the Court's order, shall unlock, if necessary, and change the registrar of record for the Infringing Domain Names and any other domain names under the control of Defendants, or their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, to a registrar of CME Group's selection;

8.     That, because of Defendants' willful actions and pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 1203 and 815 Ill. Comp. Stat. § 505/10a *et seq.*, CME Group be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

        A.     All profits received by Defendants from sales and revenues of any kind made as a result of their actions, and all damages sustained by CME Group as a result of Defendants' actions, and that such profits and damages be trebled;

B. Or, if CME Group so elects, an award for statutory damages pursuant to 15 U.S.C. § 1117(c)(2) consisting of $2,000,000 per counterfeit mark, per type of services sold, offered for sale or distributed; and

C. The costs of the action.

9. That pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve on CME Group within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

10. That the Court order those in privity with, working with, or providing services of any kind to Defendants Nagovskiy, Golub, Chechurin, Alexandrova, Kochin, Legato, and Does 1-3 and those with notice or receipt of the injunction, including Name.com, GoDaddy, Defendants OVH, Regtime, Masterhost, EuroByte, Wix, and REG.RU, and any Internet search engines, domain name registrars, domain name registries, Internet Service Providers, and web hosts, shall (a) be and are restrained and enjoined from facilitating access to any and all websites and accounts through which Defendants engage in the counterfeiting use of the CME Marks, including but not limited to the Infringing Domain Names, Counterfeit Websites, and any account(s) associated with the same, (b) be and are restrained and enjoined from altering, interlining, removing, destroying, permitting the destruction of, or in any other fashion changing any records, including electronic records, in the actual or constructive care, custody or control of Defendants that are relevant to the subject matter of this lawsuit or likely to lead to the discovery of relevant records or evidence, wherever said records are physically located; (c) be ordered to preserve copies of all documents, files, electronically stored information

and things relating to the Infringing Domain Names and Counterfeit Websites and take steps to retrieve files that may have been deleted before entry of this injunction; (d) be ordered to provide any and all identification, contact and registration information associated with the Infringing Domain Names; and (e) be ordered to produce any and all documents and electronically stored information regarding access, download, and visitors to the Counterfeit Websites;

11.     That because of the trademark counterfeiting and exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, this Court award to CME Group all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. §§ 1117(a) and (b); 815 Ill. Comp. Stat. § 510/3, and 815 Ill. Comp. Stat. § 505/10a; and

12.     That CME Group shall have such other and further relief as this Court may consider necessary to prevent or restrain infringement of the CME Marks by Defendants.

**AGAINST DEFENDANTS Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, and Does 1-3:**

13.     That Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, and Does 1-3 willfully violated Section 43(d) of the Lanham Act;

14.     That, because of Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, and Does 1-3's willful actions and pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 1203, CME Group be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

A.     An award of statutory damages pursuant to 15 U.S.C. § 1117(d) consisting of $100,000 per domain name; and

B.     The costs of the action.

15.     That CME Group shall have such other and further relief as this Court may deem just.

**AGAINST DEFENDANTS Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3:**

16.     That Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 willfully violated the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*;

17.     That, because of Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost and Does1-3's willful actions and pursuant to 17 U.S.C. § 504, CME Group be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

> A.     CME Group's actual damages and any additional profits of the infringer;
>
> B.     Or, if CME Group so elects, an award for statutory damages pursuant to 17 U.S.C. § 504 consisting of $150,000 per copyrighted work; and
>
> C.     The costs of the action.

18.     That Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 willfully violated the Copyright Management Provisions of the DMCA 17 U.S.C. § 1202 *et seq.*;

19.     That, because of Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3's willful actions and pursuant to 17 U.S.C. § 1203, CME Group be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

> A.     An award of statutory damages pursuant to 17 U.S.C. §

1203(c)(3)(B) consisting of $25,000 for each violation of the DMCA provisions; and

B.     The costs of the action.

20.     That Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3 committed phishing acts in violation of Illinois Anti-Phishing Act, 740 Ill. Comp. Stat. 7/1, *et seq.*;

21.     That because Defendants Nagovskiy, Chechurin, Golub, Alexandrova, Kochin, Legato, OVH, EuroByte, Wix, Masterhost, and Does 1-3's willful actions in violation of 740 Ill. Comp. Stat. 7/1 *et seq.*, the Anti-Phishing Act, CME Group be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

A.     Actual damages or statutory damages of $500,000, whichever is greater, pursuant to 740 Ill. Comp. Stat. 7/15; and

B.     Up to three (3) times the aforementioned actual or statutory damages because Defendants Nagovskiy, Chechurin, and Does 1-3 have engaged in a pattern and practice violating 740 Ill. Comp. Stat. 7/10.

22.     That because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, this Court award to CME Group all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 17 U.S.C. §§ 505 and 1203(b)(5), and 740 Ill. Comp. Stat. § 7/15;

23.     That CME Group shall have such other and further relief as this Court may deem just.

Respectfully submitted,

CME GROUP INC.
CHICAGO MERCANTILE EXCHANGE INC.
NEW YORK MERCANTILE EXCHANGE, INC.
COMMODITY EXCHANGE, INC.
BOARD OF TRADE OF THE CITY OF
CHICAGO, INC.
PIVOT, INC.


Dated:  July 31, 2019            By: /s/ Christian S. Morgan
                                Joseph V. Norvell (Reg. No. 6225747)
                                Joseph T. Kucala, Jr. (Reg. No. 6275312)
                                Matthew D. Witsman (Reg. No. 6327790)
                                Christian S. Morgan (Reg. No. 6327350)
                                Angela J. Simmons (Reg. No. 6289024)
                                NORVELL IP LLC
                                333 S. Wabash Ave., Suite 2700
                                Chicago, Illinois 60604
                                Telephone:   (888) 315-0732
                                Facsimile:    (312) 268-5063
                                courts@norvellip.com

                                *Attorneys for Plaintiffs*
                                *CME Group Inc.*
                                *Chicago Mercantile Exchange Inc.*
                                *New York Mercantile Exchange, Inc.*
                                *Commodity Exchange, Inc.*
                                *Board of Trade of the City of Chicago, Inc.*
                                *Pivot, Inc.*

64

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc., | Civil Action No. 1:19-cv-01621 |
| Plaintiffs, | Judge Sharon Johnson Coleman |
| v. | Magistrate Judge Sheila M. Finnegan |
| Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, Ludmila Alexandrova, Viktor Kochin, Legato LLC, Regtime, Ltd., Masterhost LLC, OVH SAS, EuroByte LLC, Wix.com Ltd., Registrar of Domain Names REG.RU LLC, and Does 1-3, | |
| Defendants. | |

**LIST OF EXHIBITS SUPPORTING PLAINTIFFS' THIRD AMENDED COMPLAINT**
**AGAINST DEFENDANTS**

| EXHIBIT | DESCRIPTION |
|---|---|
| A | CME Group Copyrighted Materials |
| B | U.S. Copyright Registrations for the Copyrighted Materials |
| C | Copies of Certificates of Registration & TSDR printouts for CME and CME GROUP registrations |
| D | Copies of Certificates of registration & TSDR printouts for CBOT, NYMEX, COMEX, 🌐, CLEARPORT, GLOBEX, CHICAGO MERCANTILE EXCHANGE, E-MINI, CHICAGO BOARD OF TRADE, NEW YORK MERCANTILE EXCHANGE, and PIVOT registrations |
| E | Copies of TSDR printouts for CME Applications |
| F | WHOIS printout for CMErussian Domain Name |
| G | Correspondence from Defendant Webzilla's counsel |
| H | Printout of the CMErussian Counterfeit Website |
| I | WHOIS printout for CMErussia Domain Name |
| J | Printout of the CMErussia Counterfeit Website |
| K | WHOIS printout for CMEgroupcenter Domain Name |
| L | Printout of the CMEgroupcenter Counterfeit Website |
| M | WHOIS printout for CMEgroupcenters Domain Name |
| N | Printout of the CMEgroupcenters Counterfeit Website |

| O | WHOIS printout for CMErussians Domain Name |
|---|---|
| P | Chart showing substantial similarities between the CME Group Website, CMEgroupcenter Counterfeit Website, and CMEgroupcenters Counterfeit Website |
| Q | Chart showing substantial similarities between the CME Group Website, CMErussian Counterfeit Website, and CMErussia Counterfeit Website |
| R | WHOIS printout for the CMEtre Domain Name |
| S | Correspondence from Name.com |
| T | Printout of the CMEtre Counterfeit Website |
| U | WHOIS printout for the CMEgroupru Domain Name |
| V | Printout of the CMEgroupru Counterfeit Website |
| W | WHOIS printout for the CMErepresentation Domain Name |
| X | Printout of the CMErepresentation Counterfeit Website |
| Y | WHOIS printout for the CME-official Domain Name |
| Z | Printout of the CME-official Counterfeit Website |
| AA | Chart showing substantial similarities between the CME Group Website and the CMEtre Counterfeit Website |
| AB | Chart showing substantial similarities between the CME Group Website and the CMEgroupru Counterfeit Website |
| AC | Chart showing substantial similarities between the CME Group Website and the CMErepresentation Counterfeit Website and the CME-official Counterfeit Website |