**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, Ludmila Alexandrova, Viktor Kochin, Legato LLC, Wix.com Ltd., Regtime, Ltd., Masterhost LLC, OVH SAS, EuroByte LLC, Registrar of Domain Names REG.RU LLC, and Does 1-3, <br><br> Defendants. | Civil Action No. 1:19-cv-01621 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Sheila M. Finnegan |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., Board of Trade of the City of Chicago, Inc., and Pivot, Inc. (collectively, "CME Group") respectfully move the Court to enter a default judgment against Defendants Dmitro Nagovskiy, Konstantin Chechurin, Evgeniy Golub, Ludmila Alexandrova, Viktor Kochin, Legato LLC, Regtime, Ltd., Masterhost LLC, OVH SAS, EuroByte LLC, and Registrar of Domain Names REG.RU LLC (collectively, "Defendants"). Defendants failed to answer CME Group's complaint, amended complaints, or otherwise defend this action, and pursuant to Rule 55(a), default was entered against Defendants on September 3, 2019. (Dkt. # 68). Accordingly, Defendants' liability for CME Group's claims for willful trademark counterfeiting, trademark

infringement, dilution, unfair competition, cybersquatting, willful copyright infringement, violations of the Digital Millennium Copyright Act Copyright Management Information provisions, anti-phishing, and violations of Illinois state and common law is clear and undisputed. This Court should enter a default judgment against Defendants (1) permanently enjoining Defendants' unlawful conduct, (2) permanently transferring the relevant domain names, and (3) entering a monetary judgment based upon Defendants' willful and unlawful conduct.

In support of its Motion, CME Group states as follows:

1. Pursuant to the Court's orders granting alternative service via email, CME Group originally served Defendants Nagovskiy, Chechurin, and OVH on March 25, 2019, and served Defendants Golub, EuroByte, and REG.RU on March 29, 2019. The Court set a final deadline for these Defendants to respond by April 18, 2019, but they did not respond. Then, CME Group served these Defendants the Third Amended Complaint on August 5, 2019 and the response deadline was August 19, 2019. These Defendants did not answer the complaint by that deadline.

2. CME Group also properly served Defendants Legato, Alexandrova, Masterhost, and Regtime on August 5, 2019, and Defendant Kochin on August 12, 2019, and the response deadlines were August 26 and September 3, 2019, respectively. These Defendants did not answer the complaint by those deadlines.

3. In fact, despite having actual notice of this case and being properly served with the Complaint, amended complaints, orders, and other filings, Defendants have failed to answer, plead, defend, or otherwise appear in this case. Instead, Defendants have ignored the Court's orders and CME Group's attempts to resolve this matter without

the need for court intervention. In fact, some of the Defendants continue to infringe upon CME Group's registered trademarks and copyrights and operate counterfeit and phishing websites causing harm to CME Group and the public at large.

4. As a result of Defendants' conduct, the Court entered a default against Defendants on September 3, 2019, and should now enter a default judgment converting the Preliminary Injunction Order into a permanent injunction and awarding CME Group the maximum statutory damages.

5. The Court previously found that this case warranted issuance of a preliminary injunction and the circumstances have not changed. In particular, the Court found that CME Group's overwhelming evidence established that it has suffered irreparable injury for which no adequate remedy at law is available, that the balance tipped in CME Group's favor, and the public interest favored issuance of the Preliminary Injunction Order. The Court issued the Preliminary Injunction Order requiring, *inter alia*, the transfer of the Infringing Domain Names <CMErussia.com>, <CMErussian.com>, <CMErussians.com>, <CMEgroupcenter.com>, <CMEgroupcenters.com>, and any other domain name that incorporates the CME Marks or anything confusingly similar thereto, and expressly enjoined those in privity with, working with, or providing services of any kind to Defendants, including any Internet search engines, domain name registrars, domain name registries, Internet Service Providers, and web hosts, from facilitating access to the Counterfeit Websites, and required these third parties to preserve evidence and provide certain information associated with the Infringing Domain Names and Counterfeit Websites.

6. As of the date of this Motion, the Infringing Domain Names

<CMErussia.com>, <CMErussians.com>, <CMEgroupcenters.com>, <CMEtre.com>, <CMEgroupru.com>, <CMErepresentation.com>, and <CME-official.com> have not been transferred to CME Group, as required by the Preliminary Injunction Order, and the Counterfeit Websites www.CMErussia.com and www.CME-official.com remain active. Moreover, Defendants and/or those working in active concert with them launched the new Counterfeit Websites at www.CMEtre.com, www.CMEgroupru.com, www.CMErepresentation.com, and www.CME-official.com after the Court issued the Preliminary Injunction Order. Such conduct continues to cause harm to CME Group and the public at large. Therefore, it is logical to extend the Preliminary Injunction Order into a Permanent Injunction. A permanent injunction is necessary to protect CME Group and the public at large from current and future harm, and the Court has authority to enter the Proposed Order and grant the relief requested therein, including the permanent transfer of the Infringing Domain Names to CME Group.

7. Defendants' counterfeiting, infringing and phishing activities are willful with the clear intent to harm CME Group and the public and there is a strong need to deter this conduct in the future. Given Defendants' contempt for this Court and these proceedings, and based on the harm caused to CME Group and the public at large by Defendants' conduct, it is appropriate and necessary for the Court to award CME Group maximum statutory damages for each of the claims in their Third Amended Complaint.

8. This Motion is based upon the Third Amended Complaint, and the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment, Exhibit A, and Declaration of Angela J. Simmons for this Motion.

WHEREFORE, CME Group respectfully requests that this Court:

A. Grant this Motion for Default Judgment against Defendants and enter the Proposed Order finding that Defendants' willful conduct renders them liable for CME Group's trademark, copyright, and related Illinois state and common law claims;

B. Permanently enjoin Defendants' conduct and order permanent transfer of the Infringing Domain Names to CME Group, as outlined in the Proposed Order; and

C. Award CME Group the maximum statutory damages on each of its claims for trademark counterfeiting, cybersquatting, copyright infringement, violations of the Digital Millenium Copyright Act, and violations under Illinois' Anti-Phishing Act.

Plaintiffs will submit a Proposed Order in compliance with the Court's rules.

Dated: September 23, 2019

Respectfully submitted,

By: /s/ Christian S. Morgan
Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Angela J. Simmons (Reg. No. 6289024)
Christian S. Morgan (Reg. No. 6327350)
Matthew D. Witsman (Reg. No. 6327790)
NORVELL IP LLC
333 S. Wabash Ave., Suite 2700
Chicago, Illinois 60604
Telephone: (888) 315-0732
Facsimile: (312) 268-5063
courts@norvellip.com

*Attorneys for Plaintiffs
CME Group Inc.
Chicago Mercantile Exchange Inc.
New York Mercantile Exchange, Inc.
Commodity Exchange, Inc.
Board of Trade of the City of Chicago, Inc.
Pivot, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, Memorandum in Support, and supporting Exhibit A and Declaration were served upon Defendants via electronic mail on September 23, 2019 to:

| | |
|---|---|
| *Defendant Dmitro Nagovskiy*<br>Karla Marksa 122, Dnipro<br>State/Province: Dnipro<br>Postal Code: 49000<br>Dnipro, Ukraine<br>nagovskiydmitriy@gmail.com | *Defendant Registrar of Domain Names REG.RU LLC*<br>125252, Moscow, passage Berozovoy Roshchi,<br>12, floor 2, room 4,<br>Russian Federation<br>abuse@reg.ru |
| *Defendant OVH SAS*<br>2 rue Kellermann,<br>59100 Roubaix<br>France<br>abuse@ovh.net | *Defendant Konstantin Chechurin*<br>str. OTKE 38/19<br>Anadir Chukotka 689000<br>Russian Federation<br>wallet.145.adv@gmail.com |
| *Defendant EuroByte LLC*<br>Lyublinskaya str, 42,<br>office L-507, 109387<br>Moscow, Russian Federation<br>abuse@eurobyte.ru | *Defendant Evgeniy Golub*<br>golub.evgeniy.domen@yandex.ru |
| *Defendant Viktor Kochin*<br>cmegroupru.com@wix-domains.com;<br>kochin86vik@gmail.com | *Defendant Ludmilla Alexandrova*<br>cmetre.adv@gmail.com;<br>cmeg.group@gmail.com |
| *Defendant Legato LLC*<br>reg@legato.name | *Defendant Regtime Ltd.*<br>support@regtime.net; abuse@regtime.net |
| *Defendant Masterhost LLC*<br>info@masterhost.ru;<br>support@masterhost.ru | |

Dated: September 23, 2019                  /s/ Christian S. Morgan